TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00288-CV






Oficina Legal del Pueblo Unido, Inc. d/b/a Texas Civil Rights Project and


James C. Harrington, Appellants



v.



Simon Property Group TX, L.P. d/b/a Barton Creek Square Mall; The Johnny


Rockets Group, Inc.; the City of Austin; and Three Unknown


Austin Police Officers, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 99-11119, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Oficina Legal del Pueblo Unido, Inc., doing business as Texas Civil Rights Project,
and Director James Harrington (collectively "Harrington and TCRP"), brought suit against the
Johnny Rockets Group, Inc., the Simon Property Group TX, L.P., doing business as Barton Creek
Square Mall ("Simon"), and the City of Austin and its three unknown Austin police officers (the
"City"), for damages and injunctive relief based on alleged violations of Harrington and TCRP's free
speech and assembly rights, as well as for other allegations including false arrest, imprisonment, and
breach of contract. The district court granted both Simon and the City's motions for summary
judgment. Harrington and TCRP appeal both orders. We will affirm.


BACKGROUND

 On September 21, 1999, James Harrington entered Barton Creek Square Mall ("the
Mall") in order to hold a press conference to announce the filing of a discrimination suit against the
Johnny Rockets restaurant, one of the Mall's tenants. The Mall, which is private property owned
by Simon, allows organizations to use its common area for various activities. Organizations wishing
to utilize its space, however, must submit an application for permission at least thirty days in
advance. The Mall also has posted notices at its major entrances informing patrons of the Mall's
policies, which, among other things, prohibit "[c]onduct which is disorderly, disruptive or which
endangers others," as well as "picketing, distributing handbills, soliciting and petitioning" without
prior written consent of Mall management.

 Harrington, accompanied by three of the plaintiffs he represented, set up an easel and
poster in the common area of the Mall. At least two television-station crews attended the press
conference at Harrington's invitation. Harrington and TCRP neither submitted an application nor
obtained permission to use the Mall's common area before holding the press conference. After
receiving a complaint from Johnny Rockets' employees, Mall manager Nancy Hedrick confronted
Harrington and informed him that he did not have permission to hold a press conference inside the
Mall. Hedrick repeatedly asked Harrington to leave and told him she would send him an application
by facsimile later that afternoon; Harrington refused to leave. Hedrick finally instructed a mall
security guard to call the Austin Police Department. 

 When the police arrived, an officer approached Harrington and advised him that if
he did not leave the Mall, he would be arrested. Harrington told the police about an injunction
issued against the Mall and a settlement from previous litigation with the City involving alleged free
speech activities. Harrington, however, refused to leave and was arrested for criminal trespass. The
next day, Harrington and TCRP filed suit against Simon and the City and its three unnamed police
officers who were involved in Harrington's arrest, seeking declaratory, injunctive, and monetary
relief for the alleged deprivation of their common law and constitutional rights. (1)

 Specifically, Harrington and TCRP alleged that Simon, the City, and the three police
officers (1) conspired together to deny and did in fact deny them their free speech and assembly
rights in violation of the common law and the Texas Constitution, see Tex. Const. art. I, §§ 8, 27,
29, and (2) conspired to cause and did in fact cause Harrington to be unlawfully and falsely arrested
and imprisoned in violation of his common law rights. Harrington and TCRP further alleged that,
by their conduct, the City and the police officers (1) breached a contractual settlement between the
City and others, arising from previous litigation over a demonstration that occurred in the late 1980's
in front of a supermarket, from which no appeal was taken, and (2) that by arresting Harrington, they
violated his rights under article I, sections 9, 13, 19, and 29 of the Texas Constitution. See id. art.
I, §§ 9, 13, 19, 29. Harrington and TCRP requested declaratory relief recognizing violations of the
common law and the Texas Constitution, injunctive relief from future violations, monetary
compensation for actual and punitive damages, and attorney's fees.

 Simon and the City both moved for summary judgment on multiple grounds. The
district court separately granted both motions, from which Harrington and TCRP now appeal.

STANDARD OF REVIEW

 A defendant who moves for summary judgment must show that the plaintiff has no
cause of action on which the plaintiff can recover; one way a defendant meets this burden is by
disproving at least one essential element of the plaintiff's theory of recovery. Wornick Co. v. Casas,
856 S.W.2d 732, 733 (Tex. 1993). The standards for reviewing a motion for summary judgment are
well established: (1) the movant for summary judgment has the burden of showing that no genuine
issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable to
the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor
of the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). The propriety of summary judgment is a question of law; therefore, we
review the trial court's decision de novo. Texas Dep't of Ins. v. American Home Assurance Co., 998
S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.).


DISCUSSION

 The law is well settled that the First Amendment to the United States Constitution
does not grant a citizen the right to use a privately owned shopping center as a forum to
communicate without the permission of the property owner. Hudgens v. NLRB, 424 U.S. 507, 520
(1976); Lloyd Corp. v. Tanner, 407 U.S. 551, 570 (1972). 

 The Texas Constitution's free speech clause provides, "Every person shall be at
liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that
privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex.
Const. art. I, § 8. The United States Supreme Court has held that a state may "adopt in its own
Constitution individual liberties more expansive than those conferred by the Federal Constitution." 
PruneYard Shopping Ctr. v. Robins, 447 U.S. 74, 81 (1980). The Supreme Court of Texas, in turn,
has held that the free speech provision of the Texas Constitution may, in some circumstances, be
broader than its federal counterpart. Operation Rescue-National v. Planned Parenthood, Inc., 975
S.W.2d 546, 559 (Tex. 1998). In Operation Rescue-National, the court acknowledged, "Article I,
Section 8 may be more protective of speech in some instances than the First Amendment, but if it
is, it must be because of the text, history, and purpose of the provision, not just simply because." 
Id. (footnotes omitted). The court has also held that "state action" is required to maintain a claim 
for deprivation of a right secured by the free speech provision of the Texas Constitution. Republican
Party v. Dietz, 940 S.W.2d 86, 91 (Tex. 1997).

 No Texas appellate court has affirmatively held that our state constitution provides
the public a right of expression at privately owned shopping malls. The parties agree that the Mall
is private property, and Harrington and TCRP concede that operation of a mall does not involve state
action. Harrington and TCRP nevertheless urge us to conclude that the present case presents one
instance in which we should construe our state constitutional free speech provision more broadly
than its federal counterpart in order to find that they possess a right of expression at the Mall. 
Harrington and TCRP ask us to interpret Dietz to recognize a citizen's right under the Texas
Constitution to conduct activities such as those Harrington and TCRP engaged in at the Mall, on
privately owned property. The court observed in Dietz that although most have not done so, a
handful of state courts have determined that their state constitutional guarantees of free speech and
expression can be asserted against privately owned shopping centers. Id. at 90 n.5. The court in
Dietz declined to address the issue on the record before them. Id.; see also Ex Parte Tucci, 859
S.W.2d 1, 16 n.1 (Tex. 1993) (concurring opinion by Chief Justice Phillips containing substantially
identical footnote refusing to "resolve this complex issue under the inapposite facts before us"). 
Harrington and TCRP invite us to do so now.

 Despite Harrington and TCRP's urging, a careful review of the record precludes our
reaching this issue. We do not address the merits of Harrington and TCRP's appeal because an
independent, alternative reason for affirming the trial court's judgment exists. When there are
multiple grounds for summary judgment and the order does not specify the ground on which the
summary judgment was granted, as here, appellants must negate on appeal all grounds that support
the judgment. State Farm Fire & Cas. Co. v. S.S. & G.W., 858 S.W.2d 374, 381 (Tex. 1993); Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). If appellants fail to negate each ground upon which
the judgment may have been granted, the appellate court must uphold the summary judgment. Id. 
This is so because, where there is no general assignment that the trial court erred in granting
summary judgment, the summary judgment may have been based on a ground that was available to
the trial court and not specifically challenged by the appellants. Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). 

 Simon's motion for summary judgment contained numerous grounds on which it
sought judgment. Simon alleged in its motion that the Texas Constitution guards only against state
action, not the conduct of private individuals, and that because the Mall is private property and its
conduct did not involve state action, Harrington and TCRP had no cause of action against it for
violating or conspiring to violate their state constitutional rights. In addition, however, Simon
asserted that (1) Texas law does not recognize a common law right of free speech or assembly; (2)
Texas law does not provide for recovery of damages for violations of Texas constitutional rights; (3)
Simon did not detain Harrington but rather asked him to leave the property and gave him the
opportunity to do so; (4) the police, not Simon, arrested Harrington for criminal trespass only when
he refused to leave and because his arrest was lawful he could not show he was falsely imprisoned;
(5) the 1983 district court injunction relied upon by Harrington and TCRP had no relevance or
preclusive effect with respect to these parties; and (6) Harrington and TCRP were not entitled to
injunctive relief or attorney's fees because all their claims failed as a matter of law.

 The City also moved for summary judgment on multiple grounds, including that (1)
it has governmental immunity from any tort liability for false imprisonment, false arrest, or
conspiracy, and no statutory waiver applies; (2) Harrington's arrest was lawful; (3) there is no Texas
common law right of free speech or assembly; (4) the City did not breach any contract; (5) in any
event, the settlement agreement mentioned by Harrington to the police officers was part of a prior
case involving unrelated parties having no privity of contract with the complaining parties in the
current controversy; and (6) any contract was fully performed.

 The trial court granted both Simon and the City's motions without stating the specific
basis or grounds upon which it rendered judgment. Harrington and TCRP, however, do not contend
that each one of the above enumerated grounds pleaded by Simon and the City is insufficient to
support the trial court's judgment. Neither do they assert a general complaint that the trial court
erred in granting summary judgment. Instead, they bring this appeal asserting a single complaint:
the trial court erred by concluding as a matter of law that article I, section 8 of the Texas Constitution
does not grant Harrington and TCRP a right of expression at the Mall. Despite Harrington and
TCRP's contention that the issue about which they complain is the sole issue subsuming all others,
our review of the pleadings and motions does not support their assertion. 

 The judgment in the present case may have been based on any one of the numerous
grounds forwarded by both Simon and the City and not specifically challenged by Harrington and
TCRP. See Malooly Bros., Inc., 461 S.W.2d at 121. Because Harrington and TCRP have failed to
negate each ground upon which judgment may have been granted, we must uphold the summary
judgment. See State Farm Fire & Cas. Co., 858 S.W.2d at 381. We accordingly affirm the trial
court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson 

Affirmed

Filed: July 26, 2001

Do Not Publish

1. The original petition also named the Johnny Rockets Group, Inc. as a defendant, however,
the trial court subsequently dismissed with prejudice all claims against the Johnny Rockets Group. 


rr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). If appellants fail to negate each ground upon which
the judgment may have been granted, the appellate court must uphold the summary judgment. Id. 
This is so because, where there is no general assignment that the trial court erred in granting
summary judgment, the summary judgment may have been based on a ground that was available to
the trial court and not specifically challenged by the appellants. Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). 

 Simon's motion for summary judgment contained numerous grounds on which it
sought judgment. Simon alleged in its motion that the Texas Constitution guards only against state
action, not the conduct of private individuals, and that because the Mall is private property and its
conduct did not involve state action, Harrington and TCRP had no cause of action against it for
violating or conspiring to violate their state constitutional rights. In addition, however, Simon
asserted that (1) Texas law does not recognize a common law right of free speech or assembly; (2)
Texas law does not provide for recovery of damages for violations of Texas constitutional rights; (3)
Simon did not detain Harrington but rather asked him to leave the property and gave him the
opportunity to do so; (4) the police, not Simon, arrested Harrington for criminal trespass only when
he refused to leave and because his arrest was lawful he could not show he was falsely imprisoned;
(5) the 1983 district court injunction relied upon by Harrington and TCRP had no relevance or
preclusive effect with respect to these parties; and (6) Harrington and TCRP were not entitled to
injunctive relief or attorney's fees because all their claims failed as a matter of law.

 The City also moved for summary judgment on multiple grounds, including that (1)
it has governmental immunity from any tort liability for false imprisonment, false arrest, or
conspiracy, and no statutory waiver applies; (2) Harrington's arrest was lawful; (3) there is no Texas
common law right of free speech or assembly; (4) the City did not breach any contract; (5) in any
event, the settlement agreement mentioned by Harrington to the police officers was part of a prior
case involving unrelated parties having no privity of contract with the complaining parties in the
current controversy; and (6) any contract was fully performed.

 The trial court granted both Simon and the City's motions without stating the specific
basis or grounds upon which it rendered judgment. Harrington and TCRP, however, do not contend
that each one of the above enumerated grounds pleaded by Simon and the City is insufficient to
support the trial court's judgment. Neither do they assert a general complaint that the trial court
erred in granting summary judgment. Instead, they bring this appeal asserting a single complaint:
the trial court erred by concluding as a matter of