# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00465-CV

### Stephen N. Lisson, Appellant

### v.

### University of Texas Investment Management Company, Appellee

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. GN200898, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephen Lisson[1] submitted a request for information to appellee University of Texas Investment Management Company[2] (the "Company"). *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West Supp. 2003) (chapter 552 provides statutory scheme and addresses various aspects of public information). After the attorney general's office issued a letter ruling concluding that the Company could withhold the requested information, Lisson commenced the underlying civil enforcement proceeding seeking mandamus relief. *See* Tex. Gov't Code Ann. § 552.321 (West

---

[1] Lisson has acted *pro se* throughout all of the proceedings.

[2] The Company is a Texas non-profit corporation that contracts with the Board of Regents of the University of Texas System to invest funds under the control and management of the Board of Regents. In a previous open records ruling the attorney general's office declared that the Company was a governmental body subject to chapter 552 of the government code. *See* Tex. Att'y Gen. OR97-1776 (1997).

Supp. 2003). The Company moved for summary judgment contending that Lisson's civil enforcement action was barred by limitations. The district court granted the Company's motion and Lisson appeals raising twenty-two issues. We will affirm the district court's judgment.

## Background

On June 30, 1997, Lisson submitted a request for information to the Company regarding its "alternative illiquid investments." Believing that the information requested could be withheld from public disclosure pursuant to a statutory exception, the Company timely requested an attorney general's decision. *See* Tex. Gov't Code Ann. § 552.301 (West Supp. 2003). On September 30, 1997, in a letter ruling, Tex. Att'y Gen. OR97-2201 (1997), the attorney general's office concluded that the requested information was within a statutory exception to disclosure and that the Company could withhold the requested information because, if released, the information would give an advantage to a competitor or bidder.[3] *See* Tex. Gov't Code Ann. § 552.104 (West Supp. 2003).

The letter ruling was rendered on September 30, 1997; on March 18, 2002, Lisson commenced the underlying civil enforcement proceeding asking the district court to order the Company to release the requested information. The Company moved for summary judgment contending that because chapter 552 of the government code did not include a limitations provision, Lisson's enforcement proceeding was barred by the four-year residual statute of limitations. *See*

---

[3] Any later requests for information submitted to the Company by Lisson are not part of this enforcement proceeding which is based upon the 1997 attorney general letter ruling.

Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997) ("Every action for which there is no express limitations period, . . . must be brought not later than four years after the day the cause of action accrues."). Lisson responded to the Company's motion by filing a First Supplement to Plaintiff's Original Petition for Writ of Mandamus, and Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment, neither of which contained supporting evidence. The district court granted summary judgment in favor of the Company. Lisson filed a motion for new trial which was overruled by operation of law.

**Discussion**

When presenting an issue for appellate review, a party must provide a brief containing "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h). The failure to cite authority to support an appellate contention results in a waiver of that complaint. *See In re Barr*, 13 S.W.3d 525, 555 (Tex. 1998); *GSC Enters., Inc. v. Rylander*, 85 S.W.3d 469, 475 (Tex. App.—Austin 2002, no pet.); Tex. R. App. P. 33.1(a). Lisson's briefing to this Court includes a reiteration of the factual background of the case as presented in his petition, sets out various provisions of chapter 552 of the Texas Government Code, and raises issues not presented to the district court. We hold that Lisson has waived or failed to preserve for our review all but one of his appellate complaints because he failed to support his contentions with citations to the record or legal authority. Tex. R. App. P. 33.1(a), 38.1(h). Lisson's remaining contention is that the district court erred in granting summary judgment. Such a complaint sufficiently raises for appellate review the issue of whether the district court erred in granting summary judgment. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

3

The standards for review of a traditional summary judgment are well established: the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See* Tex. R. Civ. P. 166a(c); *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 645-46 (Tex. 2000); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). Applying these rules, we review the district court's judgment that the Company proved as a matter of law that the four-year residual limitations statute applied and that there remained no genuine issues of material fact.

The Company moved for summary judgment based solely on limitations. Therefore, it was the Company's burden to show that Lisson's civil enforcement proceeding was barred by limitations as a matter of law. *See Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex. 1997). A defendant moving for summary judgment based on limitations must conclusively prove when the plaintiff's cause of action accrued and that the plaintiff failed to timely file suit. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). A cause of action accrues, and limitations begin to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001). Should the defendant establish that limitations bar the plaintiff's right to relief, the plaintiff must then present summary-judgment proof

4

raising a fact issue to avoid the statute of limitations. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

The Company included as summary-judgment evidence the attorney general's letter ruling rendered on September 30, 1997. The ruling reflects that the attorney general's office sent Lisson a copy of the ruling.

We agree with the Company that because there is no specific deadline for filing a civil enforcement proceeding in district court under chapter 552 of the government code, the four-year residual statute of limitations applies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051. Under the statutory scheme of chapter 552 of the government code, on September 30, 1997, the date the attorney general's office rendered its letter ruling, Lisson was authorized to seek a judicial remedy. Lisson's civil enforcement proceeding commenced on March 18, 2002, was well beyond the four-year limitations period.

Because the Company's summary-judgment evidence established as a matter of law that Lisson commenced civil proceedings beyond the applicable limitations period, we turn to whether any summary-judgment evidence shows that a material issue of fact remains. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989). Lisson did not submit any summary-judgment evidence. While Lisson's pleadings are replete with allegations of misconduct by Company employees and its counsel, his pleadings are not proper summary-judgment evidence. *Laidlaw Waste Sys.,Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995) (even if sworn or verified, pleadings are not summary judgment evidence).

## Conclusion

We hold that on March 18, 2002, Lisson's right to civil enforcement relief was barred by the four-year residual statute of limitations. We overrule Lisson's issues and affirm the district court's summary judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 30, 2003