NO. 07-03-0065-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 16, 2003

_____

RICHARD WOODSON,

Appellant

v.

HOUSTON GOLF ASSOCIATION,

Appellee

_____

FROM THE 221ST DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-06-3595-CV; HON. SUZANNE STOVALL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Richard Woodson (Woodson) appeals from a final summary judgment entered in favor of the Houston Golf Association (HGA). Through two issues, he complains that 1) there was some evidence of negligence by HGA, and 2) an adequate time for discovery

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

had not lapsed before the trial court granted HGA's no-evidence motion for summary judgment. We affirm the judgment of the trial court.

## Background

Woodson, who is disabled, sued HGA contending that it had failed to provide adequate handicapped parking. He had volunteered to work for HGA during the Shell Houston Open golf tournament but was unable to park in the designated handicapped area adjacent to the course. At the time, it was reserved for wheelchairs. Instead, an officer directed him to drive to a local mall. The officer also told him that a bus would return him to the entrance of the golf course. Woodson drove to the mall, and a bus retrieved him. Yet, instead of leaving him at the entrance of the course, the bus stopped about a half a mile away. From that point, he walked to the course. HGA also had a van operating that would have taken him directly to the entrance from the mall; yet, Woodson asserted that this was unknown to him.

After performing his tasks as a volunteer and returning home that night, Woodson allegedly suffered a heart attack. The attack was purportedly caused by the lack of adequate handicapped parking at the golf course.[2] Consequently, Woodson sued HGA via causes of action sounding in negligence and premises liability. That is, he alleged that HGA 1) breached its duty to provide adequate handicapped parking, and 2) failed to protect him from an unreasonably dangerous condition on the premises (*i.e.*, the lack of handicapped parking).

---

[2] Woodson had a disability tag on his vehicle due to foot problems. He had no physical restrictions placed on him due to a previous heart attack.

2

About 14 months after suit was filed, HGA moved for a no-evidence motion for summary judgment. Several grounds purportedly entitling it to same were alleged. The trial court granted the motion and signed a final judgment without specifying the particular ground on which it relied. Thereafter, Woodson appealed.

### Issue One – Entry of Summary Judgment

As previously mentioned, Woodson contends, through his first issue, that the trial court erred in granting the no-evidence motion for summary judgment "because there was some evidence of negligence by the HGA."[3] We overrule the point.

*Standard of Review*

The standard governing our review of summary judgments is well settled and need not be reiterated. Instead, we refer the litigants to *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985) and *Kimber v. Sideris,* 8 S.W.3d 672, 675 (Tex. App.-- Amarillo 1999, no pet.) for an explanation of same. We also note that because the trial court did not specify the ground upon which it relied when granting the motion, Woodson was obligated to illustrate that none of the grounds alleged in the motion supported the judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989); *see Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (holding that the appellant is obligated to attack each ground upon which the summary judgment could have been based); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (holding the same); *Granada BioSciences, Inc. v. Barrett*, 958 S.W.2d 215, 224 (Tex. App.--Amarillo 1997, pet. denied) (stating that

---

[3]Since nothing is said about the trial court's action *viz* the claim sounding in premises liability, we conclude that Woodson does not contest that aspect of the decision.

3

a summary judgment will be affirmed if it rests upon an independent ground to which no point of error has been assigned).

*Application of Standard*

In its motion, HGA generally entitled that portion wherein it alleged its grounds for summary judgment as "no evidence of essential elements of negligence claim." Thereafter, it specified the elements of negligence, *e.g.*, duty, breach, proximate cause, and damages, and argued that Woodson was obligated to establish them. Then, it said that the "threshold inquiry . . . is whether the defendant owed a legal duty to the plaintiff," that the "determination of whether a legal duty exists is a question of law," and that the "burden rests on the plaintiffs to present evidence of probative force with respect to each of these elements." These assertions were then followed by the statement that:

> First, there is *no evidence* in the case that Defendant HGA breached any legal duty owed to Plaintiff. There is *no evidence* that HGA 'failed to provide handicapped parking' for Plaintiff. Uncontroverted summary judgment evidence establishes that . . . HGA provided handicapped parking spaces that were available for use by Plaintiff at Woodlands Mall and that a van was provided to transport Woodson directly to where he wished to go . . . Woodson's own self-admitted failure to utilize these amenities through his own mistake is not negligence on the part of HGA.

(Emphasis in original). To the extent HGA 1) labeled the section of the motion wherein it recited its grounds for summary judgment as "no evidence of essential elements of negligence claim," 2) asserted that the existence of a duty was an essential element of negligence, 3) asserted that the threshold inquiry involved whether "defendant owed a legal duty to the plaintiff," and 4) alleged that there was no evidence that HGA breached

4

*"any legal duty* owed Plaintiff," we construe the grounds for summary judgment to include both the existence of a legal duty and the lack of evidence of its breach.[4] (Emphasis added). This is of import since Woodson did not expressly address, on appeal, whether HGA owed it any duty. He simply contended that there was evidence of a breach.

Without briefing the topic of duty and explaining what it was and why HGA owed it to Woodson, we have no basis upon which to determine whether the record contains evidence of its breach. And, since the trial court did not specify the grounds upon which it relied in granting summary judgment, we cannot say that Woodson fulfilled his burden on appeal of illustrating why none of the grounds supported the decision.

### Issue Two – Premature Motion

In his second and final point, Woodson argues that the trial court erred in entering summary judgment "because an adequate time for discovery had not passed." This was allegedly so because HGA "refused to produce . . . witnesses under [its] control."[5] We overrule the issue.

Rule 166a(i) of the Texas Rules of Civil Procedure states that a party may file a no-evidence motion for summary judgment "[a]fter adequate time for discovery." Furthermore, a litigant attempting to defeat such a motion due to the lack of discovery must file an

---

[4]That the existence of a duty was a ground for summary judgment is further exemplified by various statements in HGA's appellate brief. There, it asserts that "conspicuously absent [from Woodson's appellate brief] is any reference to a specific common law duty or statutory duty" and "[t]here is no mention [in the appellant's brief] of any authority whether by statute or case law that defines how this duty can be breached or what fats [sic] would constitute a breach of that duty." Indeed, before it can be determined whether evidence of a breached duty exists, the court first must be informed of the duty allegedly breached and its parameters.

[5]The purported "witnesses" go unnamed.

5

affidavit explaining the need for the discovery or a verified motion for continuance. *Tenneco Inc. v. Enterprise Products Co.,* 925 S.W.2d 640, 647 (Tex. 1996). Woodson does not contend on appeal that he did either. Nor does the record disclose that he did.

For instance, the affidavit accompanying Woodson's response to the motion for summary judgment did not explain the need for further discovery. Through it, counsel for Woodson simply stated that HGA had agreed to produce a named witness for deposition and that the witness "failed to appear . . . without prior notice and in violation of the Rule 11 Agreement." What this witness would have said, why it was pertinent to the cause, whether the substance of the testimony was available elsewhere, and how Woodson was harmed (assuming he was) by not deposing the witness went unmentioned. *Carter v. MacFadyen,* 93 S.W.3d 307, 310 (Tex. App.--Houston [14th Dist.] 2002, pet. denied) (holding that the litigant must describe, in the affidavit, the evidence sought, its materiality, and the diligence used to obtain it). Nor did Woodson fill the void on appeal. Again, he merely alleged that he lacked adequate opportunity to conduct discovery because HGA "refused" to produce unspecified "witnesses."

As to moving for a continuance, no such motion appears in the record before us. Nor does Woodson assert that he filed such a motion, as we previously noted. Thus, neither aspect of the test mentioned in *Tenneco* was fulfilled.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Justice


6