Ben A. Endlich and D. Clark Hughes, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, John A. Grambling, El Paso, for appellees.

## OPINION

PRESLAR, Justice.

Appellant, Malooly Brothers, Inc., filed this suit against the appellees, Frank Napier and Herman Siegel, alleging that appellant retained the appellees in their capacity as Certified Public Accountants to perform certain duties for them; that an employee embezzled from them, and defendant-appellees were negligent in not discovering such embezzlement. The trial court sustained the defendants' motion for summary judgment and overruled motion for new trial. We are of the opinion that the trial court correctly disposed of the case.

Appellant assigns two points of error— that the trial court erred in granting the motion for summary judgment based on (1), the defendants' plea of limitations, and (2),

**MALOOLY BROTHERS, INC., Appellant,**

v.

**Frank NAPIER and Herman Siegel, Appellees.**

**No. 6093.**

Court of Civil Appeals of Texas, El Paso.

Feb. 25, 1970.

Rehearing Denied April 1, 1970.

their defense of a written release. We are of the opinion that the case must be determined on the finding by the trial court in its judgment that there is no genuine issue as to a material fact, and the failure of the appellant to assign error as to such finding.

Chief Justice Calvert, in a very recent case (February 14, 1970), Gibbs et al. v. General Motors Corporation, 450 S.W.2d 827, has set forth the approach of our courts to the matter of rendering or affirming a summary judgment in favor of a defendant.

> " * * * in such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action. The last sentence of paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, governs. It provides:
>
> > " 'The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' "

In the case before us, the defendant-appellees secured a finding by the trial court that there is no genuine issue as to any material fact, and the appellant does not challenge such finding by this appeal. Appellees, by their first counterpoint, call this failure to assign error to our attention and, under such circumstances, we are not at liberty to review the finding and must sustain the judgment. As stated by the court in LeJeune v. Gulf States Utilities Company, Tex.Civ.App., 410 S.W.2d 44, n. r. e.:

"Further, appellant has failed to assign error or brief the independent grounds upon which the court granted summary judgment for which reason the summary judgment should be and is sustained. City of Deer Park v. State, 275 S.W.2d 77 (S.Ct.1954); Rule 418, Texas Rules of Civil Procedure."

The judgment of the trial court is affirmed.