**MALOOLY BROTHERS, INC., Petitioner,**

v.

**Frank NAPIER et al., Respondents.**

**No. B–2137.**

Supreme Court of Texas.

Dec. 16, 1970.

Ben A. Endlich and D. Clark Hughes, El Paso, for petitioner.

Hardie, Grambling, Sims & Galatzan, John A. Grambling, El Paso, for respondents.

McGEE, Justice.

This is a suit by a corporation against two certified public accountants retained by the corporation for damages resulting from the accountants' alleged negligence in not discovering that an employee of the corporation was systematically embezzling funds from it. The trial court sustained the defendants' motion for summary judg-

ment. The Court of Civil Appeals affirmed. 452 S.W.2d 504. We affirm the judgments of the courts below.

Malooly Brothers, Inc., filed suit against Frank Napier and Herman Siegel, certified public accountants, on August 30, 1968, alleging: that it retained the defendants to do its bookkeeping; that for a period of some four years beginning in August, 1962, an employee of the corporation practiced a scheme whereby she embezzled some $40,000.00 from it; that, although at numerous times during this period the President of Malooly Brothers, Inc., Raymond N. Malooly, asked Messrs. Napier and Siegel to find out why the corporation was losing money when the volume of sales indicated that it should be making money, the defendants did not discover any shortages or the method of embezzlement because they did not use reasonable care and were, in fact, grossly negligent; and that it filed suit within two years of its discovery of the embezzlement. The plaintiff asked for $44,763.68 actual damages and $80,000.00 exemplary damages.

The defendants filed a general denial; they also specifically pleaded release and the two-year statute of limitations. They then moved for summary judgment on the basis of the pleadings, the alleged release and the deposition of Raymond N. Malooly, which the defendants maintained showed that the corporation's suit was barred by limitation.

In response to the motion for summary judgment the plaintiff filed an affidavit by Mr. Malooly, dated July 18, 1969, which stated in effect (1) that because of certain representations made by the defendants the embezzlement was not discovered by him until August, 1966, and (2) that he had not intended to discharge the defendants from liability for not discovering the embezzlement when he executed a release on January 8, 1968; but rather, he executed the release in order to get certain of the corporation's business records back from Messrs. Napier and Siegel.

The trial court granted the defendants' motion for summary judgment on July 25, 1969, without specifying its reasons for doing so, but reciting that the court had "* * * considered the pleadings, the deposition and the opposing affidavit on file, and [found] that they show an absence of general (sic) issue of any material fact." The plaintiff subsequently filed a motion for a new trial on August 1, 1969, attaching thereto a second affidavit by Mr. Malooly in which he stated that he made a mistake in his first affidavit and that he did not discover the embezzlement until December 5, 1966. This motion was overruled by the trial court.

The plaintiff appealed to the Court of Civil Appeals with two Points of Error which complained of (1) the failure of the trial court to grant a new trial on the basis of the evidence contained in Mr. Malooly's second affidavit, and (2) the granting of defendants' motion for summary judgment on the basis of the alleged release given by the plaintiff, since, as a matter of law, the release did not apply to the claim asserted.

The Court of Civil Appeals, in sustaining the judgment of the trial court said:

"[Plaintiff] assigns two points of error —that the trial court erred in granting the motion for summary judgment based on (1), the defendants' plea of limitations, and (2), their defense of a written release. We are of the opinion that the case must be determined on the finding by the trial court in its judgment that there is no genuine issue as to a material fact, and the failure of the [plaintiff] to assign error as to such finding."

Plaintiff, by its own pleadings, sets forth that the embezzlement began "on or about the 1st day of August, 1962" and was discovered by it "approximately 4 years" later. The first affidavit of plaintiff's President, Mr. Malooly, stated that he knew of the embezzlement in August of 1966. Plaintiff did not file suit until August 30, 1968. It is possible that the trial

court rendered summary judgment for the defendant on the basis of these facts and the two-year statute of limitations, Article 5526, Vernon's Annotated Civil Statutes. We express no opinion as to whether a grant of summary judgment would be proper or erroneous under the record. Plaintiff, at any rate, did not challenge *the granting of the summary judgment* on the basis that the defendant failed to establish as a matter of law that plaintiff's cause of action was barred by the statute of limitations. Rather, plaintiff maintained that the trial court should have granted its *motion for new trial* on the basis of the evidence contained in Mr. Malooly's second affidavit. Clearly, the trial court did not err in refusing to grant such a motion. The information supplied by Mr. Malooly in his second affidavit was known to him at the time he made the first affidavit. Mistake by a party or the attorney for the party, not induced by the opposing party, is not a reason for granting a new trial. O'Quinn v. Tate, 187 S.W.2d 241 (Tex.Civ.App.–1945, writ ref'd).

Plaintiff's second Point of Error before the Court of Civil Appeals complained that the trial court erred in granting summary judgment because the alleged release was invalid since it was for an undisputed amount admittedly owing and the defendants represented that it in no way released them from liability as to the embezzlement. It is not, however, necessary for us to consider this point. As we noted above, plaintiff did not challenge the granting of the summary judgment on the basis that the defendant failed to establish as a matter of law that plaintiff's cause of action was barred by the statute of limitations. A thorough examination of the record in this case results in the inescapable conclusion that the trial court granted the motion for summary judgment based on (1) the defendants' plea of limitation, and/or (2) their defense of a written release. In such a situation the best approach on appeal would be a Point of Error which simply complains "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT." Such a point would be sufficient to comply with Rule 418, Texas Rules of Civil Procedure, and to allow argument as to all the possible grounds upon which summary judgment should have been denied. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup. 1970); Brooks v. Highland Resources Inc., 446 S.W.2d 6 (Tex.Sup.1969).

It would, however, also be possible to challenge the judgment of the trial court by separate Points of Error which raise the contentions that the movant failed to establish as a matter of law that there is no genuine issue of fact as to each of the several grounds asserted in a motion upon which the trial court could have based a summary judgment. This is not to say that a summary judgment would always be reversed if the non-movant established, as to each of his "splintered" Points of Error, that the movant had failed to demonstrate the absence of any fact issue. If it affirmatively appeared from the record that there can be no issue as to a material fact upon which the outcome of the litigation depends, a summary judgment would be affirmed notwithstanding that it was insupportable on the grounds stated in the motion or the non-movant's Points of Error. In re Price's Estate, 375 S.W.2d 900 (Tex. Sup.1964).

The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment. See Texas Power & Light Co. v. Cole, 158 Tex. 495, 313 S.W.2d 524 (1958); City of Deer Park v. State ex rel. Shell Oil Co., 154 Tex. 174, 275 S.W.2d 77 (1954); Texas & P. Ry. Co. v. Presley, 137 Tex. 232, 152 S.W.2d 1105 (1941); Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95 (1939).

The judgments of the trial court and the Court of Civil Appeals are affirmed.