Wofford v. Texas Commerce Bank-Austin, N.A. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-230-CV





JOHN HAMMOND WOFFORD AND REBECCA HUGHES WOFFORD,



 APPELLANTS


vs.





TEXAS COMMERCE BANK-AUSTIN, N.A. AND D.B. MACKENZIE-GRAHAM,



 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT,



NO. 491,660, HONORABLE JOHN K. DIETZ, JUDGE


 




PER CURIAM

 This appeal involves a bank's foreclosure on a personal residence. At issue is the
propriety of a summary judgment awarding the bank postforeclosure title and possession to the
residence. The district court rendered a general summary judgment in favor of Texas Commerce
Bank-Austin, N.A. and D.B. MacKenzie-Graham, appellees. John H. Wofford and Rebecca H.
Wofford, appellants, raise four points of error. We will affirm.

 In 1980 the Woffords executed a promissory note and deed of trust in favor of
Capitol National Bank of Austin to finance the purchase of their home. This note and deed of
trust were renewed in March 1989 in favor of Capitol National Bank's successor, Texas
Commerce Bank-Austin, N.A. The note became due and payable in full in March 1990, and the
Woffords subsequently defaulted. The Bank posted the house for foreclosure in August 1990, and
the Woffords obtained a temporary restraining order to prevent the foreclosure. In November
1990, following the expiration of the temporary restraining order, the Bank again posted the house
for foreclosure. Late that same month, the Woffords filed a voluntary petition for bankruptcy. 
In re Wofford, No. 90-13842-LK (Bankr. W.D. Tex. Nov. 30, 1990) (petition for relief).

 On June 13, 1991, the bankruptcy court rendered an agreed order that required the
Woffords to pay in full all amounts due the Bank on or before August 31, 1991, or the Bank
would be entitled to post the house for foreclosure. The Woffords failed to make the payments,
and the Bank again posted the house for foreclosure in October 1991. The Woffords refused to
vacate the house and requested a third temporary restraining order, temporary injunction, and
damages against the Bank and the substitute trustee, D.B. MacKenzie-Graham, for: (1) violations
of the Deceptive Trade Practices--Consumer Protection Act, Tex. Bus. & Com. Code Ann.
§§ 17.41-.63 (West 1987 & Supp. 1993); (2) unconscionable actions; (3) negligence and gross
negligence; (4) breach of contract; and (4) misrepresentation. The Bank and MacKenzie-Graham
moved for summary judgment for title to and possession of the house. The district court rendered
a general summary judgment in favor of the Bank and MacKenzie-Graham, and against the
Woffords on their claims.

 The Woffords bring four points of error:  (1) a so-called "Malooly point" ("the
trial court erred in rendering summary judgment"); (1) (2) the trial court erred in rendering summary
judgment because the Woffords presented sufficient evidence to create a genuine issue of material
fact; (3) the trial court erred in rendering summary judgment because the Bank and
MacKenzie-Graham failed to prove that no genuine issue of material fact exists; and (4) the trial
court erred in rendering summary judgment against the Woffords on their claims because no
motion for summary judgment was made regarding these claims. (2)

 In point of error two, the Woffords argue that the trial court erred in rendering
summary judgment because the Woffords presented sufficient evidence to create a genuine issue
of material fact regarding whether the Bank and MacKenzie-Graham were reasonable in pursuing
a foreclosure sale. The bankruptcy court's agreed order states, "In the event TCB [the Bank] is
not paid in full on or about August 31, 1991, as provided hereinabove, TCB is authorized to
pursue its non-bankruptcy remedies, however, TCB agrees to be reasonable in regards to pursuing
its foreclosure sale remedy." The Woffords claim several of the Bank and MacKenzie-Graham's
actions show a lack of reasonableness. We disagree.

 The Woffords have accused the Bank and MacKenzie-Graham of not being
reasonable because the Bank and MacKenzie-Graham have refused to accept any remedy other
than full payment by August 31, 1991. Reading the bankruptcy court's agreed order as a whole,
we hold that the term "reasonable" does not require that the Bank and MacKenzie-Graham forego
their right to pursue nonbankruptcy remedies against the Woffords. Because there is no genuine
issue of material fact regarding whether the Bank and MacKenzie-Graham were reasonable in
pursuing a foreclosure sale, point of error two is overruled.

 In point of error three, the Woffords argue that the trial court erred in rendering
summary judgment because the Bank and MacKenzie-Graham failed to prove that no genuine issue
of material fact exists. The Bank and MacKenzie-Graham's motion for partial summary judgment
and severance stated:



1. . . . To the extent any affirmative claim for relief asserted by the Woffords
affects [the Bank's] counterclaim for title to and possession of the Property,
[the Bank] also seeks summary judgment on such claim.


2. The grounds for this Motion are that there are no genuine issues as to any
material fact and [the Bank] is entitled to judgment as a matter of law
confirming its fee simple title to and granting it possession of the Property,
based on the undisputed fact that [the Bank] is the fee simple title owner of
the Property, having acquired such title through a foreclosure sale duly
conducted in accordance with the requirements of law, and is entitled to
immediate possession of the Property.



All of the Woffords' affirmative claims are grounded on the Bank's alleged violation of the
reasonableness provision of the bankruptcy court's agreed order, regarding which we have already
held that no genuine issue of material fact exists regarding whether the Bank and
MacKenzie-Graham were reasonable in pursuing a foreclosure sale. Point of error three is
overruled.

 In point of error four, the Woffords argue that the trial court erred in rendering
summary judgment because no motion for summary judgment was made regarding these claims. 
Paragraph one of the Bank and MacKenzie-Graham's motion for partial summary judgment and
severance, quoted above, clearly requests summary judgment on the Woffords' affirmative claims. 
Point of error four is overruled.

 Because we have overruled the Woffords' specific points of error, we overrule their
Malooly point of error one. The judgment of the district court is affirmed.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: January 20, 1993

[Do Not Publish]
1. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
2. The standards for reviewing a motion for summary judgment are well established: (1) The
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).