NO 

NO. 07-98-0348-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 11, 2000

_______________________________

IN THE MATTER OF THE MARRIAGE OF 

KIRBY EUGENE HOBGOOD AND WANDALENE HOBGOOD

CHAD E. HOBGOOD and PAMELA WIESE, APPELLANTS

V.

KIRBY EUGENE HOBGOOD, APPELLEE

________________________________

FROM THE 99TH DISTRICT COURT OF
 LUBBOCK COUNTY;

NOS. 87-517,470 and 91-535,096; HONORABLE JOHN T. FORBIS, JUDGE

________________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

By this appeal, appellants Chad Hobgood and Pamela Wiese present one issue contending that upon a bench trial, the trial court erred in rendering judgment that they take nothing against their father, appellee Kirby Hobgood.
(footnote: 1)  Specifically, Chad and Pamela argue that they are entitled to recover a portion of Kirby’s share of the proceeds from the divorce court-ordered division and sale of the community homestead of the parents.  Based upon the rationale expressed herein, we affirm.  

On September 6, 1988, the trial court signed a decree of divorce In the Matter of the Marriage of Kirby Eugene Hobgood and Wandalene Hobgood.   Among other things, the decree of divorce ordered the sale of the community property homestead.  The decree provided that before the home was sold and while Wandalene was in possession of the property
, she had the duty to pay all taxes, insurance, and installments of principal and interest on the note under the terms of an installment obligation secured by a deed of trust lien.  The decree also provided that Kirby had the responsibility to make the installment payments when Wandalene was not in possession of the property.  It is undisputed that while the divorce decree was on appeal, Chad or Pamela paid the monthly installment payments as they became due while their mother occupied the home.  Chad or Pamela did not pay any of the installment payments when their mother was not residing in the house.  Following the appointment of a receiver and sale of the house in March 1997, the clerk held $253,766.57 subject to distribution in accordance with the decree of divorce.  Chad and Pamela then brought this action against their parents to recover expenditures made toward the deed of trust note under subrogation and other theories.   

As material here, following the granting of a summary judgment in favor of Kirby on some claims and trial of the remaining claims, the trial court found that Wandalene judicially admitted liability for the payments made by Chad and Pamela and entered judgment that Chad and Pamela recover part of their payments against Wandalene out of her portion of the sale proceeds; however, the trial court granted partial summary judgment in favor of Kirby, which relieved him of any liability for certain expenditures made by Chad and Pamela, and then entered a judgment that Chad and Pamela take nothing from Kirby on their remaining claims.

Presenting only one broad issue, Chad and Pamela contend the trial court erred in granting a take nothing judgment in favor of Kirby.  Before considering the merits of Chad and Pamela’s subrogation claims, we first address their claims which were denied by  partial summary judgment.
(footnote: 2)  Although the clerk’s record does not contain a copy of the partial summary judgment or the underlying motion and response, if any, the trial court’s judgment recites “summary judgment was entered herein in favor of KIRBY HOBGOOD which relieves him of any liability for any expenditures made by CHAD HOBGOOD and PAMELA WIESE . . . .”  Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal.  Tex. R. Civ. P. 166a(c); Abbott Lab., Inc. v. Segura, 907 S.W.2d 503, 507 (Tex. 1995).  Because Chad and Pamela do not present any such reviewable issues in opposition to the denial of their claims by the partial summary judgment, they present nothing for review in that regard. 

Regarding their subrogation claim, Chad and Pamela contend that because their payments of the monthly installments on the home loan while occupied by their mother also inured to the benefit of their father, they were entitled to recover one-half of the amount of such payments from Kirby.  In the judgment appealed from, the trial court found that according to the decree of divorce: (1) Wandalene had the duty to pay the taxes, insurance, and note payments while she occupied the residence; (2) she was entitled to recover one-half of all principal reductions resulting from payments made by her; (3) she had the duty to pay all arrearages at the time of the entry of the decree; (4) Kirby had the duty to pay all taxes, insurance, and note payments while Wandalene was not in possession of the house; and (5) Kirby was to be reimbursed for all of such payments of taxes, insurance, and accruals under the said deed of trust note from the proceeds of the sale.  According to the evidence, Wandalene possessed the home from September 1988 through March 1991, and then re-occupied the home in August 1992 until November 1996.  During occupancy of the home by Wandalene, Chad or Pamela paid the monthly installments for their mother, but they did not pay the installments accruing during the fifteen months when Wandalene did not occupy the home.

Chad and Pamela contend that they are entitled to recover one-half of their payments from Kirby
 under the principles of equitable subrogation
 because their mother and father were both obligated to pay the note
.  We disagree.  By the decree, the trial court apportioned the responsibility of payment of the home loan based upon Wandalene’s possession, and expressly provided that she, not Kirby, would be responsible for such payments while she occupied the house.  In Smart v. Tower Land and Inv. Co., 597 S.W.2d 333, 337 (Tex.1980), the Court recognized that equitable subrogation may be invoked to prevent unjust enrichment when one person confers a benefit
 upon another that is not required by legal duty or contract.  However, the court specifically held that subrogation will be available 
only when the debtor (i.e., Kirby) was unjustly enriched.  Id.  
(Emphasis added).  As applicable here, because Kirby’s obligation to pay the installments was limited by the divorce decree and because Chad and Pamela only made payments while their mother occupied the house, Kirby was not unjustly enriched by the note payments made by Chad and Pamela.  Chad and Pamela’s sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

Do not publish.

FOOTNOTES
1:
Although the trial court rendered judgment that Chad and Pamela have a money judgment against their mother Wandalene Hobgood, she presents no appeal. Also, Kirby does not appeal the denial of any relief per his counterclaim.  

2: 
A broad point or issue is a permissible means of attacking a summary judgment.  Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).