TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00465-CV






Stephen N. Lisson, Appellant


v.


University of Texas Investment Management Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. GN200898, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Stephen Lisson (1) submitted a request for information to appellee University
of Texas Investment Management Company (2) (the "Company"). See Tex. Gov't Code Ann.
§§ 552.001-.353 (West Supp. 2003) (chapter 552 provides statutory scheme and addresses various
aspects of public information). After the attorney general's office issued a letter ruling concluding
that the Company could withhold the requested information, Lisson commenced the underlying civil
enforcement proceeding seeking mandamus relief. See Tex. Gov't Code Ann. § 552.321 (West
Supp. 2003). The Company moved for summary judgment contending that Lisson's civil
enforcement action was barred by limitations. The district court granted the Company's motion and
Lisson appeals raising twenty-two issues. We will affirm the district court's judgment.


Background


 On June 30, 1997, Lisson submitted a request for information to the Company
regarding its "alternative illiquid investments." Believing that the information requested could be
withheld from public disclosure pursuant to a statutory exception, the Company timely requested an
attorney general's decision. See Tex. Gov't Code Ann. § 552.301 (West Supp. 2003). On
September 30, 1997, in a letter ruling, Tex. Att'y Gen. OR97-2201 (1997), the attorney general's
office concluded that the requested information was within a statutory exception to disclosure and
that the Company could withhold the requested information because, if released, the information
would give an advantage to a competitor or bidder. (3) See Tex. Gov't Code Ann. § 552.104 (West
Supp. 2003). 

 The letter ruling was rendered on September 30, 1997; on March 18, 2002, Lisson
commenced the underlying civil enforcement proceeding asking the district court to order the
Company to release the requested information. The Company moved for summary judgment
contending that because chapter 552 of the government code did not include a limitations provision,
Lisson's enforcement proceeding was barred by the four-year residual statute of limitations. See
Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 1997) ("Every action for which there is no
express limitations period, . . . must be brought not later than four years after the day the cause of
action accrues."). Lisson responded to the Company's motion by filing a First Supplement to
Plaintiff's Original Petition for Writ of Mandamus, and Plaintiff's Motion to Deny Defendant's
Motion for Summary Judgment, neither of which contained supporting evidence. The district court
granted summary judgment in favor of the Company. Lisson filed a motion for new trial which was
overruled by operation of law. 


Discussion


 When presenting an issue for appellate review, a party must provide a brief containing
"clear and concise argument for the contentions made, with appropriate citations to authorities and
to the record." Tex. R. App. P. 38.1(h). The failure to cite authority to support an appellate
contention results in a waiver of that complaint. See In re Barr, 13 S.W.3d 525, 555 (Tex. 1998);
GSC Enters., Inc. v. Rylander, 85 S.W.3d 469, 475 (Tex. App.--Austin 2002, no pet.); Tex. R. App.
P. 33.1(a). Lisson's briefing to this Court includes a reiteration of the factual background of the case
as presented in his petition, sets out various provisions of chapter 552 of the Texas Government
Code, and raises issues not presented to the district court. We hold that Lisson has waived or failed
to preserve for our review all but one of his appellate complaints because he failed to support his
contentions with citations to the record or legal authority. Tex. R. App. P. 33.1(a), 38.1(h). Lisson's
remaining contention is that the district court erred in granting summary judgment. Such a complaint
sufficiently raises for appellate review the issue of whether the district court erred in granting
summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 

 The standards for review of a traditional summary judgment are well established: the
movant must show that there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law; in deciding whether there is a disputed material fact issue precluding summary
judgment, the court must take evidence favorable to the nonmovant as true; the court must indulge
every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's
favor. See Tex. R. Civ. P. 166a(c); Pustejovsky v. Rapid-Am. Corp., 35 S.W.3d 643, 645-46 (Tex.
2000); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Because the propriety
of a summary judgment is a question of law, we review the trial court's decision de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). Applying these rules, we review the
district court's judgment that the Company proved as a matter of law that the four-year residual
limitations statute applied and that there remained no genuine issues of material fact. 

 The Company moved for summary judgment based solely on limitations. Therefore,
it was the Company's burden to show that Lisson's civil enforcement proceeding was barred by
limitations as a matter of law. See Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex.
1997). A defendant moving for summary judgment based on limitations must conclusively prove
when the plaintiff's cause of action accrued and that the plaintiff failed to timely file suit. Jennings
v. Burgess, 917 S.W.2d 790, 793 (Tex. 1996). A cause of action accrues, and limitations begin to
run, when facts come into existence that authorize a claimant to seek a judicial remedy. Apex
Towing Co. v. Tolin, 41 S.W.3d 118, 120 (Tex. 2001). Should the defendant establish that
limitations bar the plaintiff's right to relief, the plaintiff must then present summary-judgment proof
raising a fact issue to avoid the statute of limitations. KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 

 The Company included as summary-judgment evidence the attorney general's letter
ruling rendered on September 30, 1997. The ruling reflects that the attorney general's office sent
Lisson a copy of the ruling. 

 We agree with the Company that because there is no specific deadline for filing a civil
enforcement proceeding in district court under chapter 552 of the government code, the four-year
residual statute of limitations applies. See Tex. Civ. Prac. & Rem. Code Ann. § 16.051. Under the
statutory scheme of chapter 552 of the government code, on September 30, 1997, the date the
attorney general's office rendered its letter ruling, Lisson was authorized to seek a judicial remedy.
Lisson's civil enforcement proceeding commenced on March 18, 2002, was well beyond the four-year limitations period. 

 Because the Company's summary-judgment evidence established as a matter of law
that Lisson commenced civil proceedings beyond the applicable limitations period, we turn to
whether any summary-judgment evidence shows that a material issue of fact remains. Casso v.
Brand, 776 S.W.2d 551, 556 (Tex. 1989). Lisson did not submit any summary-judgment evidence.
While Lisson's pleadings are replete with allegations of misconduct by Company employees and its
counsel, his pleadings are not proper summary-judgment evidence. Laidlaw Waste Sys.,Inc. v. City
of Wilmer, 904 S.W.2d 656, 660-61 (Tex. 1995) (even if sworn or verified, pleadings are not
summary judgment evidence). 

Conclusion


 We hold that on March 18, 2002, Lisson's right to civil enforcement relief was barred
by the four-year residual statute of limitations. We overrule Lisson's issues and affirm the district
court's summary judgment. 



 _________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 30, 2003
1.   Lisson has acted pro se throughout all of the proceedings.
2.   The Company is a Texas non-profit corporation that contracts with the Board of Regents
of the University of Texas System to invest funds under the control and management of the Board
of Regents. In a previous open records ruling the attorney general's office declared that the
Company was a governmental body subject to chapter 552 of the government code. See Tex. Att'y
Gen. OR97-1776 (1997). 
3.   Any later requests for information submitted to the Company by Lisson are not part of this
enforcement proceeding which is based upon the 1997 attorney general letter ruling.