NO. 07-02-0172-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 12, 2004
_____

LUCILLE W. BEAN,

Appellant

v.

DEENA BUFORD, M.D., JULIE GEORGE, M.D., EXXON MOBIL
CORPORATION, EXXON CORPORATION, & EXXON CHEMICALS AMERICAS,

Appellees
_____

FROM THE 234TH DISTRICT COURT OF HARRIS COUNTY;

NO. 2000-48424; HON. BRUCE OAKLEY, PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Lucille W. Bean (Bean) appeals from a summary judgment entered in favor of Deena Buford, M.D. (Buford), Julie George, M.D. (George), Exxon Mobil Corporation, Exxon Corporation and Exxon Chemicals Americas (collectively referred to as Exxon). Via five issues, Bean contends that 1) Buford and George violated the physician/patient confidentiality relationship by disclosing confidential information, 2) no exception permitting disclosure of confidential information applied, 3) a fact issue existed regarding her claim of intentional misrepresentation, 4) a fact issue existed regarding her retaliation and

discrimination claim, and 5) her retaliation and discrimination claims were not time barred. We affirm.

## *Background*

Bean was an employee of Exxon from 1988 to November 1999.  In November of 1996, she filed a worker's compensation claim contending that she suffered from work-related stress.  She was employed as a Senior Consumer Service Specialist at the time. Bean was placed on disability leave from January of 1997 to March of 1997, however, when she returned to work she only worked part-time.  This situation lasted until May of 1997 when she was moved to another position out of customer service.

In June of 1997, Bean was promoted.  In September of this same year, she continued to have wor- related stress problems, and she was restricted to 40 hours a week without requiring overtime.  Furthermore, some of her responsibilities were given to other workers.  However, on December 17, 1998, she was placed on short-term disability leave due to stress. The need for this leave was confirmed by her private physician, Dr. Robert Bacon (Bacon).  Exxon attempted to find her other employment before and during her absence from the job.

On January 29, 1999, Bean filed a discrimination complaint with the Equal Employment Opportunities Commission (EEOC) alleging disability and race discrimination. In July of 1999, Exxon offered her a new position; however, Bacon advised that his patient not return to work, that she was "unfit for any work," and that she should apply for permanent disability.  On November 5, 1999, after Bean's short-term disability benefits expired and her physician advised she could not return to work, Exxon terminated her employment.

On March 17, 2000, Bean filed another complaint with the EEOC alleging that she had been terminated in retaliation for filing the prior EEOC charge. She then filed suit on September 25, 2000. In her third amended petition, Bean claimed that Exxon, Buford, and George intentionally misrepresented to her material facts about the confidentiality of their communications and that Exxon retaliated against her for filing a worker's compensation claim and the EEOC claims. Thereafter, Exxon, Buford, and George jointly filed a traditional and no evidence motion for summary judgment. The trial court granted same, and this appeal followed.

### *Standard of Review*

The standard governing our review of summary judgments is well settled and need not be reiterated. Instead, we refer the litigants to *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985) and *Kimber v. Sideris*, 8 S.W.3d 672, 675 (Tex. App.–Amarillo 1999, no pet.) for an explanation of same. We also note that because the trial court did not specify the ground upon which it relied when granting the motion, Bean was obligated to illustrate that none of the grounds alleged in the motion supported the judgment. *Carr v. Brasher*, 776 S.W.2d 567, 569 ( Tex. 1989); *see Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995 ) (holding that the appellant is obligated to attack each ground upon which the summary judgment could have been based); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (holding the same); *Granada BioSciences, Inc. v. Barrett,* 958 S.W.2d 215, 224 (Tex. App.–Amarillo 1997, pet. denied) (stating that a summary judgment will be affirmed if it rests upon an independent ground to which no point of error has been assigned).

### *Issues One and Two - Physician/Patient Relationship*

3

Bean's first and second issues purport to address summary judgment entered upon her claim of breached duty of confidentiality. Therein, she argues that she "raised a genuine issue of material fact . . . on her claim that she had a physician-patient relationship with both Dr. George and Dr. Buford" and as "a matter of law, the physicians did not conclusively establish that any disclosure was proper under the rules governing confidentiality of medical information." Her claim was founded upon §611.001 *et seq.* of the Texas Health and Safety Code.[1] We overrule the issues.

In attacking Bean's claim of breached duty of confidentiality, Exxon asserted that 1) no duty existed, 2) any disclosure made was proper, and 3) there was no evidence that any disclosure caused her to suffer harm. As previously noted, the trial court did not specify any particular ground upon which it relied in granting summary judgment. Thus, it was encumbent upon Bean to attack each ground raised by Exxon in its motion for summary judgment and explain why none supported the trial court's decision. *Carr v. Brasher*, *supra*; *Star-Telegram, Inc. v. Doe, supra*. This she did not do.

While much was said about the existence of a duty and the alleged impropriety of any disclosures made by George and Buford, Bean said little, in her appellate brief, about the matter of harm. Indeed, she assigned no point of error nor specific issue to the matter. Furthermore, the sum and substance of her argument relating to the matter consisted of the following:

---

[1]The pertinent code provision states that communications between a patient and a professional, and the records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential. TEX. HEALTH & SAFETY CODE ANN. §611.002(a) (Vernon 2003). Furthermore, a person aggrieved by a violation of §611.002 may redress the situation through legal action "appropriate relief, including injunctive relief" as well as damages. *Id.* at §611.005(a) & (c).

The attorneys allege that Bean did not suffer any harm due to any improper disclosures. The many disclosures provided by the physicians allowed ExxonMobil to conspire with the physicians in terminating Bean in retaliation for filing a worker's compensation charge and a discrimination charge under T.C.H.R.A. As a result Bean suffered mental anguish and her medical condition deteriorated to the point that she could not work and was later severed from the company due to medical reasons.

Noticeably absent from the passage is any citation to evidence purporting to illustrate a causal link between the disclosures and harm. Such was required not only to comply with Texas Rule of Appellate Procedure 38.1(h) (stating that a brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record) but also with precedent. *See In re CDK*, 64 S.W.3d 679, 682 (Tex. App.–Amarillo 2002, no pet.) (requiring that the appellant cite to the record and provide substantive analysis). In short, it is not our obligation to parse through the summary judgment record in search of evidence allegedly supporting a particular argument. *Labrador Oil Co. v. Norton Drilling Co.*, 1 S.W.3d 795, 803 (Tex. App.–Amarillo 1999, no pet.). Similarly absent is any explanation as to the role, if any, the disclosures played in the decision to supposedly terminate Bean "in retaliation for filing a worker's compensation charge and a discrimination charge under T.C.H.R.A." Instead, we are left to speculate about the substance of her contention. That too falls short of complying with her appellate burden. *See In re CDK*, *supra*. So, given that she failed to abide by applicable rules of procedure, she did not carry her burden to illustrate why no ground existed supporting the trial court's decision.

Furthermore, the evidence illustrates that George and Buford were directed by Exxon personnel to evaluate Bean for purposes of clarifying the job restrictions on which she was placed. Bean does not dispute that. Furthermore, statute provides that a person

5

"who receives information from confidential communications or records may not disclose the information *except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information*." TEX. HEALTH & SAFETY CODE ANN. §611.004(d) (Vernon 2003) (emphasis added). We know of and are cited to no authority which prohibits an employer from assigning medical personnel the task of evaluating an employee for purposes of job performance or job compatibility. And, since George and Buford were assigned such a task by Bean's employer, §611.004(d) authorized them to disclose the purportedly confidential information received from Bean during their meeting to her employer, *i.e.* Exxon. Thus, we cannot say that the trial court erred in granting summary judgment on the claim of improperly disclosing confidential information in violation of §611.001 *et seq.* of the Texas Health and Safety Code.

### Issue Three - Intentional Misrepresentation that Statements to George and Buford were Confidential

Bean relies on Exxon's policies entitled "'Standards of Business Conduct'" for her contention that Exxon, George and Buford had represented to her that any communications regarding her medical condition would be kept confidential. Specifically, she relies on the following paragraph:

> provide voluntary health promotion programs designed to enhance employees' well being, productivity, and personal safety. These programs should supplement, but not interfere with, the responsibility of employees for their own health care or their relationship with personal physicians. Information about employees obtained through the implementation of these programs should be considered confidential and should not be revealed to non-medical personnel except: at the request of the employee concerned, when required by law, when dictated by overriding public health considerations, or when necessary to implement the guidelines of the Alcohol and Drug Use policy.

6

Bean contends that George and Buford violated this policy by releasing confidential information to non-medical personnel, *e.g.*, other Exxon employees. We overrule the issue for several reasons.

First, Bean cites us to no evidence illustrating that either George or Buford drafted the policy or disseminated it to her. If they did neither, then it cannot be said that the purported misrepresentation contained in it was made by them. And, unless they made a supposed misrepresentation, they cannot be charged with deceiving Bean.

Second, the policy in question speaks of information "obtained through the implementation of" a "voluntary health promotion program." Bean again cites us to no evidence suggesting or from which it could be reasonably inferred that her communications to any medical health person were part of such a health promotion program. Indeed, she does not even attempt to explain what such a program is. Given that the restriction upon which she relies arises only in certain situations, it was incumbent upon Bean to provide some evidence indicating that such a situation was involved here. And, simply put, she did not.

Third, and regarding the contention that Buford and George committed misrepresentation through omission, we note that Bean's appellate argument is conclusory at best. Indeed, she cites no authority for the proposition that either doctor "owed [her] a duty to inform her that her medical condition and confidential information was being discussed with ExxonMobil management." Yet, since the duty to which she referred is apparently that imposed by Exxon's "Standards of Business Conduct" (as they related to voluntary health promotion programs), Bean again had to illustrate that her confidences

7

were imparted during her involvement in such a program. And, as discussed in the preceding paragraph, she did not.

### Issue Four - Retaliation complaint for filing a worker's compensation claim and for filing an EEOC complaint

Bean next contends that the trial court erred in granting summary judgment on her claim of retaliation. The grounds alleged by Exxon in support of its motion were several. They included, among other things, 1) Bean's inability to show a causal relationship between her filing of a worker's compensation claim (due to job-related stress) and the EEOC claims and her subsequent treatment and termination and 2) her inability to perform the essential functions of her job. In granting summary judgment on the claim, the trial court again mentioned no specific ground upon which it relied. Now, Bean argues that there existed of record sufficient evidence to establish the requisite causal link. We overrule the issue.

Because the trial court specified no particular ground as the basis for granting summary judgment on the retaliation claims, Bean was obligated to show why none of the reasons proffered by Exxon warranted such relief. And, while she devoted a large part of her brief to the matter of causation, she said nothing about her being able to perform the essential elements of her job. That is, nowhere did she present argument or record citation purporting to illustrate that she could work at any job. This may be due to the undisputed evidence that her own doctor ultimately opined that she was "unfit for any work." Yet, whatever the reason, it was her burden to attack the summary judgment ground in her appellate brief, and she did not. Thus, we are unable to say that she succeeded in disproving the validity of every ground upon which the trial court could have relied.

8

### *Issue Five – Limitations*

In her fifth and final issue, Bean asserts that the trial court could not have granted summary judgment on her retaliation claims on the basis of limitations. We need not address this issue given our disposition of Issue Four. Simply put, whether limitations barred suit matters not given that she failed to illustrate that summary judgment was improper on each of the other grounds asserted by Exxon.

Having overruled each issue presented to us, we affirm the judgment of the trial court.


Brian Quinn
Justice