NO. 07-06-0122-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 26, 2006
_____

ROBERT SEALY, APPELLANT

V.

WEST TEXAS TRUCK CENTER D/B/A
AMARILLO TRUCK CENTER, INC., APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 91255-1; HONORABLE W. F. ROBERTS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Robert Sealy, appeals the trial court's grant of summary judgment in favor of appellee, West Texas Truck Center, Inc. (hereinafter, "West Texas"). We affirm.

Sealy filed suit against West Texas alleging violations of the Texas Deceptive Trade Practices Act relating to repairs that West Texas performed on the transmission of Sealy's 1998 Volvo truck. After adequate time for discovery, West Texas filed a Motion for Summary Judgment. In its motion, West Texas alleged both traditional and no evidence

grounds for summary judgment. In response to this Motion, Sealy filed an affidavit. After hearing, the trial court entered orders granting West Texas's objection to the affidavit and motion for summary judgment.

By four issues, Sealy contends that the trial court erred in excluding Sealy's affidavit on the basis of curable formal defects without allowing Sealy an opportunity to amend, denying Sealy's Motion to Amend before granting summary judgment, denying Sealy leave to amend before granting summary judgment, and denying Sealy's Motion for New Trial. None of Sealy's appellate issues generally challenge the trial court's grant of summary judgment nor do they challenge any of the specific grounds asserted by West Texas in its Motion for Summary Judgment. Thus, the issue of whether the trial court erred in granting summary judgment in favor of West Texas is not properly before this court.

On appeal, Sealy does not present an issue challenging the granting of summary judgment by a general allegation that the trial court erred in granting summary judgment. Neither does Sealy present issues and argument demonstrating that genuine issues of material fact precluded the trial court's grant of summary judgment as to each ground raised in West Texas's motion. As such, Sealy has failed to "assign error" to the trial court's grant of summary judgment and, therefore, we must affirm the judgment of the trial court. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment."); Strather v. Dolgencorp of Texas, Inc., 96 S.W.3d 420, 422-23 (Tex.App.–Texarkana 2002, no pet.).

2

The judgment of the trial court is affirmed.

Mackey K. Hancock
Justice