**Affirmed and Memorandum Opinion filed March 3, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00578-CV

## DOMINIQUE TAYLOR, Appellant

### V.

## 806 MAIN MASTER TENANT LLC D/B/A JW MARIOTT HOUSTON DOWNTOWN, Appellee

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-84091**

## MEMORANDUM OPINION

This is an appeal from a summary judgment in an employment discrimination case. For the reasons given below, we overrule all of the arguments presented and affirm the trial court's judgment.

## BACKGROUND

Dominique Taylor was hired as a front desk agent by 806 Main Master Tenant LLC d/b/a JW Marriott Houston Downtown (the "Hotel"). Taylor started off

working the day shift, but he was eventually moved to the night shift. The move came as a promotion, with additional responsibilities and greater pay, and it also enabled Taylor to continue his second job in retail. The Hotel terminated Taylor shortly after the promotion.

The Hotel cited several performance problems as the reasons for the termination, and the final reason was a violation of the Hotel's punctuality policy. According to the Hotel, Taylor did not appear for work on time and in his uniform, and then he went home early, which left the Hotel short-staffed.

Taylor did not complain of any sort of racial animus in his exit interview, but he subsequently filed a charge of discrimination with the EEOC and Texas Workforce Commission. In that charge, Taylor alleged that he was terminated in retaliation for having reported two earlier incidents of racial harassment to the Hotel's human resources manager. In the first incident, Taylor alleged that the Hotel's training director called him a "hood rat" in front of his coworkers. And in the second incident, Taylor alleged that the same training director insinuated to a guest that Taylor could not always be trusted when the training director said that "he's Black and you know how they do."

The Hotel denied that these comments were ever made or that Taylor had even reported them to the human resources manager. After determining that there was no evidence to support the charge, the Texas Workforce Commission issued Taylor a right to sue letter.

Taylor then filed a pro se handwritten petition in the trial court. Taylor asserted two causes of action in that petition: one for racial discrimination, and the other for retaliation. Taylor did not allege any particular set of facts in this petition. However, he did attach his charge of discrimination to it.

2

Taylor subsequently filed an amended petition, which was slightly longer and typewritten. This petition mentioned the same incidents of racial harassment that had been mentioned in the charge of discrimination. The petition also asserted the same causes of action as his original petition, but as before, those causes of action were bare.

Taylor then filed an "amended second supplemental petition," which was typewritten, and even longer than his previous petitions. In addition to the allegations of racial harassment, Taylor alleged that he was treated differently from other similarly situated employees. His allegation of disparate treatment involved the Hotel's attendance policy, which supposedly required the employee (and not some related individual) to personally notify the Hotel in advance about the employee's absence or tardiness. Taylor was written up for violating this policy when his mother called the Hotel to say that he would be absent because his grandmother was in the hospital. By contrast, Taylor alleged that one of his Hispanic coworkers was not written up when her fiancé called the Hotel to say that the coworker would be absent because of a death in the family. Unlike in his previous petitions, Taylor did not specifically identify any causes of action in this petition.

The Hotel specially excepted on the grounds that Taylor's most recent petition was vague and confusing. The Hotel indicated that it could not determine whether that petition was meant to replace or supplement Taylor's amended petition. The Hotel also indicated that it could not discern "the type(s) of claim(s) Plaintiff attempts to assert." The record does not reveal that the trial court ever made a ruling on the special exception.

Despite having no ruling on the special exception, the Hotel moved for a traditional summary judgment under the belief that Taylor had only asserted claims for harassment (which the Hotel characterized as "hostile work environment") and

3

for retaliation. The Hotel did not assert a ground for summary judgment on any claim for disparate treatment.

Taylor filed a response, in which he asserted that he "never stated a racially hostile work environment" claim. Taylor asserted instead that his claim was for "discriminatory harassment based on disparate treatment." Taylor then performed an analysis of his claim for disparate treatment, even though the Hotel had not specifically sought a summary judgment on that claim.

The Hotel filed a reply, in which it argued that Taylor's claim for disparate treatment should fail for the same reasons asserted in the Hotel's motion for summary judgment.

Without stating its reasoning, the trial court granted the Hotel's motion and rendered a judgment that Taylor take nothing on all of his claims. Taylor now appeals from that judgment.

## ANALYSIS

Taylor asserts in a single point of error that the trial court erred in granting the Hotel's motion for summary judgment. From what we can discern, the primary focus of this point of error is the disposition of Taylor's retaliation claim. There appears to be a short, secondary focus on Taylor's claim for disparate treatment. We address each of these claims in turn.[1]

## I.  Retaliation Claim

Taylor has never expressly identified the source of his claims, but his brief contains a reference to Chapter 21 of the Texas Labor Code, which is otherwise

---

[1] We do not address any claim for a hostile work environment. Taylor does not specifically raise an argument related to that claim, and as he asserted in his summary-judgment response, no such claim was even raised in his petition.

4

known as the Texas Commission on Human Rights Act ("TCHRA"). Under TCHRA, an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing. *See* Tex. Labor Code § 21.055.

Proof of retaliation may be either direct or circumstantial, but because direct evidence of retaliatory intent is rarely available, a plaintiff asserting a claim under TCHRA must usually resort to circumstantial evidence instead. *See Tex. Tech Univ. Health Sci. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020). When a plaintiff relies on circumstantial evidence to establish a retaliation or discrimination claim, we follow the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* This framework has three steps: first, the plaintiff must create a presumption of illegal discrimination by establishing a prima facie case; second, the defendant must rebut that presumption by establishing a legitimate, nondiscriminatory reason for the employment action; and third, the plaintiff must overcome the rebuttal evidence by establishing that the defendant's stated reason is a mere pretext. *Id.*

The Hotel moved for a traditional summary judgment on the defensive ground that it had a legitimate, nondiscriminatory reason for Taylor's termination. As the movant below, the Hotel had the initial burden of showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law on this defense. *See* Tex. R. Civ. P. 166a(c). If the Hotel conclusively established that defense, then the burden shifted to Taylor to show that summary judgment was improper, either by disproving the defense or by raising a fact issue as to whether the Hotel's stated reason for the termination was pretextual. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (per curiam). To

5

the extent that Taylor produced any evidence in response to the Hotel's motion, we consider that evidence by indulging every reasonable inference and resolving any doubts in Taylor's favor, because Taylor was the nonmovant. *Id.* We also consider whether the parties satisfied their respective burdens de novo. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

## A. The Hotel's Defense

In support of its defense, the Hotel relied on various items of evidence, including the affidavits of two employees, excerpts from Taylor's deposition, and the exhibits produced during that deposition. One of those exhibits was Taylor's formal notice of termination, which documented four performance problems in the two weeks leading up to the termination.

The first performance problem was identified as an attendance violation. The notice of termination did not describe this violation in any detail, but the details could be found in another exhibit produced during the deposition. That exhibit was the written warning that Taylor received when he failed to personally notify his manager in advance of an anticipated absence.

The second performance problem was identified as a failure to follow instructions. The notice of termination did not describe this violation in any detail either, but as before, the details could be found in another exhibit producing during the deposition. That exhibit was a memo written by Taylor's manager, who discussed how Taylor had double-posted valet charges, which was improper. The manager indicated that Taylor could have avoided this mistake if he had only followed the checklist that had been provided for him.

The third and fourth performance problems were both described in detail in the notice of termination. For the third problem, the Hotel documented how Taylor

6

had failed to submit sign-in sheets for a UPS crew. The Hotel indicated that these sheets were "crucial" to receiving payment, and that Taylor had specifically been trained on how to submit them.

As mentioned earlier, the final performance problem was described as a violation of the Hotel's punctuality policy. The Hotel documented that Taylor appeared for his shift out of uniform—without a name tag, company pin, or bow tie—and that he had previously been warned about this very policy. The Hotel also documented that Taylor had asked to go home, and that he had left early, which resulted in the Hotel being short-staffed.

All of these performance problems are legitimate, nondiscriminatory reasons for Taylor's termination. *See Navy v. College of the Mainland*, 407 S.W.3d 893, 902–03 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that an employee's failure to follow policies and respond to disciplinary intervention were legitimate, nondiscriminatory reasons for termination). Accordingly, we conclude that the Hotel satisfied its burden as the summary-judgment movant, and that the burden then shifted to Taylor to show that summary judgment was improper.

### B. Taylor's Attempt to Challenge the Legitimacy of the Hotel's Reasons for Termination

Taylor argued in his response that the Hotel had failed to satisfy its initial burden of proof because the Hotel had no written policies for the incidents in which he had been disciplined. Taylor did not cite to any evidence in support of this argument, nor did he supply any authority showing that an employer must have a written policy in place before it can terminate an employee on the grounds given by the Hotel. As to this point, Taylor failed to show that summary judgment was improper.

## C.     Taylor's Attempt to Raise a Fact Issue on Pretext

Taylor also argued that there was at least a fact question as to whether the Hotel's stated reasons for termination were pretextual. Taylor mentioned three points in his response, but none of them raised a fact issue.

For his first point, Taylor claimed that the Hotel admitted that it had no written policies in place. Taylor did not cite to any particular evidence in support of this point, and we found nothing of the sort among the evidence he attached to his response.

For his second point, Taylor referred to his allegation of disparate treatment, in which he was written up when his mother called to report his absence, whereas his Hispanic coworker was not written up when her fiancé called to report the coworker's absence. Taylor produced affirmative evidence that the fiancé had called, instead of the coworker, which would have been a violation of the Hotel's policy that the employee must personally provide advance notice of an absence or tardiness. But Taylor produced no evidence that the coworker was treated differently—i.e., there was no evidence that the coworker did not receive a written warning following her violation.

Taylor's third point focuses on the Hotel's training director, but his point is unclear. According to Taylor, the training director denied having any involvement in his final termination, yet the same training director supposedly intervened in an earlier effort to terminate Taylor when he was still working the day shift. Taylor did not explain in his response how this discrepancy established a pretext. But in any event, Taylor did not cite or produce any evidence in support of his argument. Accordingly, he failed to raise a fact issue.

Taylor makes additional arguments in his appellant's brief, but we need not consider them because they were not raised in his summary-judgment response. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

In sum, we conclude that the trial court correctly granted summary judgment to the Hotel on Taylor's retaliation claim.

## II. Disparate Treatment Claim

Taylor also argues that the trial court erred by granting a summary judgment on his claim for disparate treatment. He contends that the summary judgment was improper for the sole reason that he established a prima facie case of discrimination.

This argument fails for at least two reasons. First, it contains no citations to the record or to authority, which means that it is inadequately briefed. *See* Tex. R. App. P. 38.1(i). And second, even if we accepted Taylor's argument that he established a prima facie case, that argument would not be sufficient by itself to reverse the trial court's summary judgment because the Hotel argued that it had a legitimate, nondiscriminatory basis for its actions. Taylor did not respond to that argument in his appellant's brief, and his failure to do so means that the summary judgment must stand. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff . . . ."); *Studer v. Moore*, No. 14-18-00640-CV, 2021 WL 629922, at *2 (Tex. App.—Houston [14th Dist.] Feb. 18, 2021, no pet.) (mem. op.) ("When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground.").

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.