**Opinion issued July 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00553-CV
_____

**YOMEKIA STRAHAN, Appellant**

**V.**

**PARK SPRING HOMEOWNERS ASSOCIATION, INC., Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-27987**

---

## MEMORANDUM OPINION

This is a suit by a homeowner's association to enforce restrictive covenants and recover maintenance assessments against a homeowner. The trial court granted a summary judgment in favor of the association. The homeowner now appeals pro

se. She argues that the trial court erred in denying her motion for a continuance of the summary-judgment hearing.

We affirm.

## Background

Yomekia Strahan is a property owner in the subdivision of Park Spring. Her property is subject to the subdivision's Declaration of Covenants, Conditions, and Restrictions. They govern the ownership and use of real property in the subdivision. Park Spring Homeowners Association, Inc. is responsible for enforcing the Declaration.

According to the Association, Strahan breached the terms of the Declaration by failing to remove mildew from the porch and side of her house and by failing to pay maintenance assessments. The Association filed suit against her for injunctive and declaratory relief. It sought an injunction requiring Strahan to maintain her property in compliance with the terms of the Declaration. And it sought a judgment against her for delinquent assessments, attorney's fees, and costs. The Association asserted that Strahan holds title to her property subject to its continuing lien securing the assessments. And it sought a judgment declaring its lien valid and authorizing foreclosure.

The Association subsequently moved for summary judgment. In its amended motion, it argued that the evidence conclusively established that Strahan failed,

2

despite notice, to maintain her property in accordance with the terms of the Declaration—namely, by failing or refusing to clean mildew off the house. The Association sought an injunction requiring Strahan to cure the violation.

The Association further argued that its evidence conclusively established that Strahan had failed to pay assessments and costs when due. And, after all payments, offsets, and credits were applied, there remained an outstanding balance on Strahan's account of $1,642.81—which included unpaid assessments of $382.24, interest of $291.55, and costs of $969.02. The Association thus sought a judgment for these amounts, along with attorney's fees, a declaration that its lien is valid, and an order of sale.[1]

Strahan did not respond or appear at the hearing on the amended motion.

The trial court rendered summary judgment for the Association. It issued an injunction requiring Strahan to maintain her property in compliance with the Declaration. And it awarded the Association a judgment against Strahan in the amount of $1,642.81, along with attorney's fees of $4,236.61 for trial and fees contingent on appeal. It further declared the Association's lien valid and issued an order of sale.

---

[1] The Association attached a copy of the Declaration, Strahan's deed, photographs, notices, statements of account, correspondence with Strahan, and affidavits in support of the judgment and attorney's fees.

3

## Summary Judgment

Strahan argues that the trial court erred in granting summary judgment for the Association because she requested a continuance of the summary-judgment hearing.

### *Standard of Review*

We review a trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).  A traditional motion for summary judgment requires the moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84.  If the movant meets its burden, the burden shifts to the non-movant to produce evidence raising a genuine issue of material fact precluding summary judgment. *Lujan*, 555 S.W.3d at 84.  In determining whether a fact issue exists, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in her favor. *Id.*

We review a trial court's ruling on a motion for a continuance of a summary-judgment hearing for an abuse of discretion. *Raoger Corp. v. Myers*, 711 S.W.3d 206, 215 (Tex. 2025).  "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Baptist St. Anthony's Hosp.*, 703 S.W.3d 339, 343 (Tex. 2024) (internal quotations omitted).  In determining whether a trial court abused its discretion in denying a continuance in this context, we generally consider the length of time the case has

been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Raoger Corp.*, 711 S.W.3d at 215–16.

*Discussion*

The Association argues that Strahan failed to preserve this issue for review.

To obtain review of a trial court's ruling on a motion for continuance, the movant must preserve error in the trial court. *See Moore v. Carder*, No. 01-22-00156-CV, 2023 WL 3102582, at *1 (Tex. App.—Houston [1st Dist.] Apr. 27, 2023, no pet.) (mem. op.). To preserve error, the record must show that the movant requested a continuance by written motion and secured a ruling from the trial court, or that the trial court refused to rule and that the movant objected to the refusal. *See id.*; *see also* TEX. R. APP. P. 33.1(a); TEX. R. CIV. P. 251.[2] Further, to establish a refusal to rule, the record must show that the movant presented the motion to the trial court. *See Moore*, 2023 WL 3102582, at *2.

The record shows that the Association filed this suit on May 5, 2023. And it filed its First Amended Motion for Summary Judgment one year later, on May 22, 2024.

---

[2] *See, e.g.*, *McCaffety v. Blanchard*, No. 01-15-01077-CV, 2018 WL 542390, at *2 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, pet. denied) (mem. op.); *Kadhum v. Homecomings Fin. Network, Inc.*, No. 01-05-00705-CV, 2006 WL 1125240, at *2 (Tex. App.—Houston [1st Dist.] Apr. 27, 2006, pet. denied) (mem. op.).

Strahan does not dispute that she received notice of the trial court's June 24, 2024 hearing on the amended motion. She asserts that she filed a motion for continuance on June 14, 2024 because she was out of the country and could not attend the hearing—not that she sought discovery. But she does not provide any record citation to any such motion or to any ruling on the motion or refusal to rule. And we cannot locate any such documents in the record. *See* TEX. R. APP. P. 33.1(a). As a result, Strahan has failed to preserve error on this issue and presents nothing for our review. *See Moore*, 2023 WL 3102582, at \*5 (holding pro se appellant to same standards as attorneys in requiring compliance with procedural rules); *McCaffety v. Blanchard*, No. 01-15-01077-CV, 2018 WL 542390, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, pet. denied) (mem. op.).

We note that Strahan does not expressly challenge the trial court's summary judgment on its merits.

Generally, an appellant must either challenge each ground on which summary judgment is rendered or assert a general issue that the trial court erred in granting summary judgment—and, within that issue, provide argument negating all possible grounds upon which the summary judgment could have been granted. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226–27 (Tex. 2022); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). In other words, a "general statement that the trial court erred by granting [a] motion for summary

6

judgment" may be sufficient to *allow argument* on all possible grounds, but if the party "does not brief those arguments to the court of appeals, the court of appeals cannot properly reverse [the] summary judgment on those grounds." *Martin*, 645 S.W.3d at 227 (citing TEX. R. APP. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.")).

Here, the trial court rendered summary judgment for the Association on its claims that Strahan breached the Declaration by failing to maintain her property and by failing to pay maintenance assessments. Even if we were to construe Strahan's brief as encompassing a general challenge to the summary judgment itself, she has not presented any argument in her brief on either of these grounds or cited to any legal authority. *See* TEX. R. APP. P. 38.1(i); *Guimaraes v. Brann*, 562 S.W.3d 521, 537–38 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (failure to provide substantive analysis results in waiver of complaint on appeal). Notably, she does not dispute the outstanding assessments underlying the trial court's order of sale. Rather, in her request for relief, she asks this Court to "[g]rant [her] payment arrangements with [the Association], to satisfy . . . [the] HOA balance."

We therefore overrule Strahan's issue on appeal.

**Conclusion**

We affirm the trial court's judgment in all things.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.