Affirmed in Part, Reversed and Remanded in Part, and Plurality,
Concurring, and Concurring and Dissenting Opinions filed May 30, 2006









 

Affirmed in Part, Reversed and Remanded in Part, and
Plurality, Concurring, and Concurring and Dissenting Opinions filed May 30,
2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01104-CV

____________

 

CRYSTAL LYNN
BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF MIKAYLA MORRISON, A MINOR; LEROY
ALLEN; DIEDRA DENSON, INDIVIDUALLY AND ON BEHALF OF ADRIAN THOMPSON, JR., A
MINOR; TAMMALA BASZILE; AND TAI BASZILE, Appellants

 

V.

 

HEARTHWOOD II
OWNERS ASSOCIATION, INC., Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2003-35550

 



 

C O N C U R R I N G   A N D  
D I S S E N T I N G   O P I N I O
N








The outcome of this appeal turns on
whether Hearthwood II=s motion for summary judgment is strictly
a 166a(c) motion for summary judgment or a hybrid motion based on both 166a(c)
and 166a(i).  In my opinion, the entire
motion must be treated as a 166a(c) motion because Hearthwood II failed to
state which elements of appellants= claims lacked
evidence.  Because the majority opinion
treats part of the motion as a 166a(i) motion, I respectfully dissent to that
part of the opinion.

A Brief Recitation of the
Underlying Facts

According to their petition, some, but not
all, of Appellants were either leasing or owned condominiums in Hearthwood II
Condominiums.  Hearthwood II Owners
Association is the homeowners association for the complex.  Appellants sued Hearthwood II as a result of
injuries they alleged they sustained when a fire erupted in the breaker box of
one of the units in the complex. 
Appellants alleged that faulty wiring inside the breaker box caused the
fire.  Appellants also alleged that the
smoke detectors and fire alarm did not operate to warn them of the fire.  Appellants allege that all of them suffered
damages because of the fire.  In fact,
Crystal Brown and her one-year-old daughter, who lived next to the unit in
which the fire started, were awakened by a knock on their door by an
unidentified woman, by noises from the adjacent unit, and by the screams of
other complex dwellers who were trying to warn those residents still in the
complex.  Arising too late to use the
hallway because it was filled with smoke, Crystal ultimately had to drop her
one-year-old daughter 30 feet to people below and jump the 30 feet herself.  Appellants allege that on the way down,
Crystal injured her right leg requiring two surgeries thus far.  Because of the damages they allege they
suffered in the fire, Appellants sued the homeowners association and the
management company for the complex.  This
appeal involves only the homeowners association.  








Hearthwood II=s motion addressed
Appellants= five causes of action plus Hearthwood II=s affirmative
defense.  The causes of action alleged
and addressed were negligence, breach of contract, malice, Aphysical and
mental anguish,@ and exemplary damages.  The motion raised as an affirmative defense
the Texas Smoke Detector Statute.  See
Tex. Prop. Code '' 92.251B.262.  The majority opinion correctly treats the
motion as a 166a(c) motion with regard to the affirmative defense and two of
the causes of actionCnegligence and breach of contract.  However, the majority incorrectly treats the
motion as a no-evidence or 166a(i) motion with regard to malice, Aphysical and
mental anguish,@ and exemplary damages.

Requirements for a 166a(i) Motion 

For a summary judgment motion to qualify
as a 166a(i) motion, the movant must assert three things: (1) the parties have
had an adequate opportunity for discovery; (2) a cause of action has no
evidence to support it; and (3) there is no evidence of one or more
specifically-identified essential elements of the cause of action.  Hearthwood II asserted two of the necessary
items for a 166a(i) motion, but failed to assert the third.  See, e.g., Judge David Hittner
and Lynne Liberato, Summary Judgments in Texas, 47 S. Tex. L. Rev. 409,
416 (2006) (citing Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 436
(Tex. App.CHouston [14th Dist.] 1999, no pet.) for
the proposition that a motion merely stating there is no evidence to support
the other party=s claim is insufficient).  In each instance, Hearthwood II asserted that
the parties had an adequate opportunity for discovery (A[a]fter adequate
time for discovery@) and that the claims were not
supported by any evidence (A[p]laintiffs
cannot provide any evidence to support their claims for . . . .@).  In no instance did Hearthwood II specify
which elements of the claims lacked any evidence.  I will briefly discuss each of these three
causes of action.[1]

 

 








The Problems with this Motion

As applicable here, malice may be shown by
satisfying the elements of (1) a specific intent (2) to cause substantial
injury or harm, see Dietrich  v.
Goodman, 123 S.W.3d 413, 420 (Tex. App.CHouston [14th
Dist.] 2003, no pet.), or malice may be shown by satisfying the elements of (1)
an act or omission of the defendant (2) which when viewed objectively from the
standpoint of the actor at the time of its occurrence (i) involves an extreme
degree of risk, considering the probability and magnitude of the potential harm
to others; and (ii) of which the actor has actual, subjective awareness of the
risk involved, but nevertheless proceeds with conscious indifference to the
rights, safety, or welfare of others.[2]  Id. 
Regarding Appellants= malice
allegation, Hearthwood II quoted Appellants= allegations and
then declared that Hearthwood II owed no legal duty to Appellants.  Specifically, the motion stated the
following: AWithout a legal duty, Defendant cannot act
with any intention, much less with malice.@  This declaration that Hearthwood II owed
Appellants no legal duty is deficient to qualify as a 166a(i) motion because it
failed to identify one or more specific elements that lacked evidence.[3]








To prove past mental anguish as alleged here, a plaintiff
must show: (1) direct evidence of the nature, duration, or severity of the
plaintiff=s anguish, thus establishing a
substantial disruption in the plaintiff=s daily routine, or (2) other
evidence of a high degree of mental pain and distress that is more than mere
worry, anxiety, vexation, embarrassment, or anger.  See Parkway Co. v. Woodruff,
901 S.W.2d 434, 444 (Tex. 1995).[4]
 Hearthwood II mentioned none of these elements
of mental anguish in its motion for summary judgment.[5]

Exemplary damages, the last relevant claim
of Appellants, has several different elements, depending on the suit.  Hearthwood II quoted the entire sub-section
of the statute on exemplary damages then in effect, both relevant and
irrelevant portions.  Once it set out the
entire sub-section, Hearthwood II stated the following: AAfter adequate
time for discovery, Defendants [sicCshould read APlaintiffs@] cannot provide
any evidence to support their claims for exemplary damages under the statute.@  As with the two other claims, Hearthwood II
did not specify which element or elements were without evidentiary support.








Lastly, I feel compelled to respond to the
claim that Appellant has not asserted a valid ground for reversing the summary
judgment and that reversing the case would require us to act on error not asserted
in the brief.  I agree that Appellants= brief is not
good; in fact, considering what could have been done, it is pretty pathetic.[6]  But, in spite of that, it sufficiently
presents Appellants= complaint that the summary judgment must
be reversed because Hearthwood II failed to attach any evidence to its motion
for summary judgment.  See Malooly
Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (outlining that
one possible method for briefing points of errorCthough not
requiredCwould be to
utilize separate points of error contending the movant failed to carry his
burden of proof as to each of the several grounds appellants allege).  If one views the motion as a traditional
166a(c) motion, as I do, this complaint sufficiently raises the problem with
the motion and judgment.  And, Appellants
cited appropriate summary judgment case lawCwith pinpoint
citationsCdiscussing the movant=s burden to
disprove at least one element of each of Appellants= causes of action
as a matter of law.  See Tex. R. App. P. 38.1(e), (h); Malooly,
461 S.W.2d at 121; Wortham v. Dow Chem. Co., 179 S.W.3d 189, 198 (Tex.
App.CHouston [14th
Dist.] 2005, no pet.) (explaining that this court will address issues relating
to summary judgment so long as appellants provide argument on those particular
grounds); see also Republic Underwriters Ins. Co. v. Mex-Tex, Inc., 150
S.W.3d 423, 427 (Tex. 2004) (stating that Rule 38.1(h) requires Aappropriate citations to
authorities@ and that we are to construe the Rules of
Appellate Procedure reasonably, yet liberally, so that the right to appeal is
not lost by imposing requirements not absolutely necessary to effect the
purpose of a rule); cf. San Jacinto River Auth. v. Duke, 783 S.W.2d 209,
210 (Tex. 1990) (per curiam) (holding that court of appeals erred in raising
issue sua sponte when reviewing summary judgment motion because ground
for reversal had to be raised either by a point of error or argument).  Thus, I disagree that Appellants have not
asserted a valid ground for reversal.  

Conclusion








In short, Hearthwood II=s motion for
summary judgment is not a hybrid motion for summary judgment; it is wholly a
traditional 166a(c) motion. 
Consequently, Hearthwood II was required to present evidence to obtain a
summary judgment on malice or Aphysical and
mental anguish@ or exemplary damages.  See, e.g., Hittner and
Liberato, 47 S. Tex. L. Rev. at 477 (stating the well-settled rule that a
summary judgment is proper for a defendant as movant only if he provesCas is his burdenCthat there is no
genuine issue of material fact).  
Because Hearthwood II failed to present evidence, it is not entitled to
a summary judgment.  More importantly,
Appellants= claim in their appellate brief that
Hearthwood II failed to meet its burden is accurate and is sufficient to
preserve error on appeal.  In addition,
because Hearthwood II failed to meet its burden, Appellants had no responsive
burden, making any responsive evidence unnecessary and irrelevant to the
outcome of the summary judgment motion.

For these reasons, I concur in that part
of the majority opinion reversing the summary judgment as to Hearthwood II=s affirmative defense
and the negligence and breach of contract claims, and I dissent to that part of
the opinion affirming the summary judgment as to malice, Aphysical and
mental anguish,@ and exemplary damages.  

 

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Plurality, Concurring, and
Concurring and Dissenting Opinions filed May 30, 2006.

 

Panel consists of Justices Fowler, Edelman, and
Guzman. (Guzman, J. Plurality.  Edelman,
J. Concurring.)

 











[1]  The motion
arguably had another defect because it was very misleading.  It referred only to the summary judgment
standard applied to a traditional summary judgment motion under 166a(c).  It recited the standard under a section
entitled AArgument and Authorities,@ discussing only its burden under a traditional
summary judgment and never mentioning 166a(i) or Appellants= burden under a no-evidence motion.  The following three sections discussed
Hearthwood II=s affirmative defense and the negligence and breach of
contract claims without using any language from 166a(i).  No new heading appeared before the remaining
three sections to announce that a different standard should be used.  When filing a hybrid motion, litigants
desiring to avoid issues on appeal should provide both opposing counsel and the
court with a bright-line demarcation between the traditional summary judgment
part of the motion and the no-evidence part of the motion.  Hittner and Liberato, 47 S. Tex. L. Rev. at 417 (although
the supreme court does not require headings, it is good advocacy to use
sub-headings to clearly set forth summary judgment grounds to ensure fair
notice).





[2]  The majority
correctly points out that malice, mental and physical anguish, and exemplary
damages are not causes of action or claims. 
They are elements of other causes of action and are used to increase
damages.  True as it may be, this fact is
beside the point, which is this. 
Hearthwood II moved for summary judgment on these elements, the trial
court granted the motion as to these elements, and this court affirmed the
summary judgment as to these elements, meaning that Appellants would no longer
be able to prove them in the trial court. 
So, even though they technically are not claims, Hearthwood II treated
them as claims by moving for summary judgment on them, the trial court treated
them as claims by granting a summary judgment on them, and this court treated
them as claims by affirming what it interpreted to be a no evidence motion as
to them.  Each of them has certain
components that must be proved before a plaintiff can recover any damages for
them.  Thus, as I point out in my dissent
in connection with each of them, it is not a difficult matter for Hearthwood IICor any other defendantCto list
what components of malice or mental and physical anguish or exemplary damages
are unsupported by evidence, and it is not illogical to require a defendant
moving for summary judgment to list the components that are unsupported by
evidence.





[3]  Although legal
duty is an element of negligence, it is not an element of malice.





[4]  Additionally,
to prove future mental anguish as alleged here, the plaintiff must prove there
is a reasonable probability that mental anguish will be suffered in the
future.  Hicks v. Ricardo, 834
S.W.2d 587, 590 (Tex. App.CHouston [1st Dist.] 1992, no writ). 





[5]  The entire
allegation under this heading was the following:

 

Plaintiffs
allege that Defendant=s actions were Awilful
and wanton and resulted proximately in the emotion[al] distress to the mind and
emotions@ of Plaintiffs . . . . However, after adequate time
for discovery, Plaintiffs cannot provide any evidence to support their claims
for physical and mental anguish. 
Therefore, summary judgment for Defendant would be proper on Plaintiffs= claims for physical and mental anguish.





[6]  Neither party
can be accused of spending too much time on their briefs.  In fact, both are written without much
acknowledgment or response to the other=s brief,
as if they were two ships passing in the night unaware of the other.