**Affirmed and Memorandum Opinion filed June 20, 2019.**



In the

# Fourteenth Court of Appeals

## NO. 14-18-00020-CV

### LATIA M. JONES, Appellant

v.

### RGJ APARTMENTS INC., A/K/A RGJ INC., A/K/A VICTORIA PARK APARTMENTS, A/K/A RGJ APTS INC., A/K/A VICTORIA PARK APARTMENT HOME INC., Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2017-44729**

## MEMORANDUM OPINION

Appellee RGJ Apartments Inc., a/k/a RGJ Inc., a/k/a Victoria Park Apartments, a/k/a RGJ Apts Inc., a/k/a Victoria Park Apartment Home Inc. ("RGJ") brought a prior eviction case against appellant Latia M. Jones. Judgment was awarded in favor of RGJ. Jones subsequently sued RGJ in Harris County district court for defamation. Both Jones and RGJ filed traditional motions for summary judgment. The trial court denied Jones's motion in an order signed December 7,

2017. The trial court also signed a final summary judgment on December 7, 2017, which granted RGJ's motion for summary judgment. Jones appeals from the denial of her motion for summary judgment. We affirm.

## I. BACKGROUND

In 2015, RGJ brought an eviction action against Jones in Harris County Justice of the Peace Court, Precinct 5, Place 1. *See* Tex. R. Civ. P. 500.3(d), 510. The justice court rendered judgment in favor of RGJ against Jones. Jones appealed to the Harris County Court at Law No. 2, where trial proceeded de novo. *See id.* 506.1–.3, 510.9–.10. In November 2015, the county court signed its final judgment and order of possession in favor of RGJ and against Jones. RGJ also was awarded a monetary judgment for rent deficiency. In 2017, Jones deposited funds into the registry of the trial court. RGJ moved to withdraw those funds and filed a release of judgment.

Jones filed an original petition against RGJ, alleging that RGJ did not file a release of judgment in justice court and RGJ "further ruined [Jones's] reputation by and through a third party [credit reporting service] who has maliciously reported a debt on [her] credit report and refuses to stop reporting it." RGJ filed a general denial, and in defense of Jones's claim, RGJ alleged justification, collateral estoppel, lack of condition precedent, lack of ripeness, and truth.

RGJ filed a traditional motion for summary judgment. RGJ noted that Jones's petition was unclear but "seem[ed] to complain of a libel or slander." RGJ argued there were no genuine issues of material fact as to the requisite defamation[1] element

---

[1] "Defamation's elements include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). A private individual who is allegedly defamed need only prove negligence, whereas a public figure or official must prove actual malice. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The plaintiff must plead and prove damages, unless the defamatory statements are defamatory per se. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 162 n.7 (Tex. 2014).

of publication. RGJ also argued there were no genuine issues of material fact on its truth and collateral-estoppel defenses.

Jones also filed a traditional motion for summary judgment. RGJ filed a response to Jones's motion, an objection to incompetent summary-judgment evidence, and a motion to strike. Jones filed a response to RGJ's objection.

On December 7, 2017, the trial court signed an order denying Jones's motion for summary judgment. Also, on December 7, 2017, the trial court signed a final summary judgment in which it granted RGJ's motion for summary judgment and ordered that Jones take nothing by her suit. The trial court did not specify any ground for granting summary judgment in its final judgment.

## II. ANALYSIS

Jones's single issue on appeal concerns whether "the trial court err[ed] in its decision to deny . . . Jones'[s] Motion for Summary Judgement as a matter of law."[2]

As stated above, the trial court also considered RGJ's motion for summary judgment and granted it. In its motion, RGJ argued that it was entitled to summary judgment in its favor and Jones could not recover on her defamation claim as a matter of law for three reasons:

- First, because the county court, not RGJ, was the publisher of the judgment about which Jones complains;
- Second, because RGJ met the defense of truth when the statements recited in the judgment were adjudicated to be true by a court of competent jurisdiction; and
- Third, because RGJ met the defense of collateral estoppel when the facts about which Jones complains were fairly litigated in a

---

[2] This is consistent with Jones's notice of appeal, which states that she "[]submits her Notice of Appeal from the decision made on December 07, 2017 denying her Motion For Summary Judgment."

prior nonjury trial, the determination of those facts was decisive as to whether a final judgment would be entered, and Jones and RGJ were traditional adversaries in the prior case.

Jones does not present a specific issue challenging the trial court's granting of RGJ's cross-motion. However, as a practical matter, because we must affirm a trial court's rendition of summary judgment on any basis that supports it when the trial court does not specify the ground relied on for its ruling, to be entitled to "a judgement against [RGJ] as a matter of law," Jones also would have to show that the trial court erred to base the summary judgment on every ground asserted in RGJ's motion. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Jones has not done so here.

Construing Jones's brief liberally, perhaps we could read into her appellate issue arguments that the trial court erred in granting summary judgment based on RGJ's grounds sounding in the defamation element of publication and in the truth defense. Jones does contend that "[t]he evidence presented met ALL the elements of [her] claim[] of 'defamation.'"[3] These elements, which she does not provide in her brief, would include publication and falsity.[4] However, nowhere in her brief does Jones challenge (even implicitly) RGJ's defense of collateral estoppel, an independent, alternative ground upon which the trial court could have based its decision to grant summary judgment in favor of RGJ. When the appellant fails to challenge each possible summary-judgment ground, we must uphold the judgment

---

[3] Jones does not provide any citation, either in her statement of facts or her argument section, to any supporting evidence from the trial court's summary-judgment record, much less provide any explanation of how such evidence conclusively proves each element of her "defamation" claim against RGJ. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 38.1(g), (i).

[4] *See supra* note 1.

on the unchallenged grounds. *Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Heritage Gulf*, 416 S.W.3d at 653.

Under these circumstances, ultimately, we need not consider the arguments in support of Jones's issue that the trial court erred in denying her motion for summary judgment because we must affirm the trial court's decision to grant summary judgment in favor of RGJ on its collateral-estoppel defense.

We therefore overrule Jones's issue and affirm the trial court's final summary judgment.


/s/    Charles A. Spain
       Justice


Panel consists of Justices Christopher, Bourliot, and Spain.