**Opinion issued October 22, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00468-CV

———————————

**JUAN HERNANDEZ AND MARIA HERNANDEZ, Appellants**

**V.**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HOUSEHOLD FINANCE CORPORATION III, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, AND CALIBER HOMES LOAN, INC., Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-32570**

---

## MEMORANDUM OPINION

This appeal challenges a trial court's dismissal of Juan Hernandez and Maria Hernandez's claims asserted against a lender, its predecessors-in-interest, and its loan servicer. The controversy stems from the Hernandezes' home-equity loan and

their failure to make the required payments on the loan. We find jurisdiction to review, and we affirm both orders from which the Hernandezes appeal.

## Background

This dispute has a long and torturous history, starting out in state court, then removal and remand, continuing with a flood of motions in the district court, and ending with summary judgment.

Juan Hernandez and Maria Hernandez took out a $145,600 home-equity loan from Town and Country Credit Corporation in 2004. To secure repayment, the Hernandezes signed a deed of trust along with the note. The deed of trust granted Town and Country a first-lien security interest in the Hernandezes' home. Town and Country then assigned the note and deed of trust to Ameriquest Mortgage Company, [1] which later assigned the note and deed of trust to Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS eventually assigned the loan to Household Finance Corporation III ("HFC").

In 2011, the Hernandezes defaulted on their monthly loan payments. After satisfying the statutory notice and other procedural requirements, HFC obtained a court order authorizing foreclosure on the property. U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust ("U.S. Bank Trust"), bought the property at a foreclosure auction in 2015. HFC then assigned the note and deed of

---

[1] Ameriquest Mortgage Company is not a party to this appeal.

2

trust to U.S. Bank Trust. Caliber Home Loans, Inc. ("Caliber") was servicer of the note and deed of trust at all times relevant to the foreclosure sale and the notices of the sale.

U.S. Bank Trust gave notice to the Hernandezes to surrender possession of the property. The Hernandezes did not surrender possession, and U.S. Bank Trust filed a forcible detainer action in justice court to evict them from the property. The justice court issued an order to evict the Hernandezes in 2015.

The Hernandezes appealed the justice court's eviction order to the county court, and the county court ruled that U.S. Bank Trust was entitled to immediate possession of the property and to a writ of possession if the Hernandezes failed to vacate the premises within one week.

Without complying with this possession order, the Hernandezes then sued U.S. Bank Trust, Caliber, HFC, and MERS in state district court[2] and alleged the following claims: (1) violation of the Texas Civil Practice and Remedies Code section 12.002 (addressing liability related to use of fraudulent court record or lien or claim against property); (2) violation of the Texas Penal Code sections 32.21 (defining criminal forgery) and 32.47 (prohibiting fraudulent destruction, removal,

_____

[2]     The Hernandezes also named Town and Country Credit Corp., U.S. Bank Trust, as Trustee for the Household Home Equity Loan Trust 2004-1, HFC Revolving Corporation, and Ameriquest Mortgage Company as defendants. However, these entities are not parties to this appeal.

3

or concealment of writing); (3) negligence per se; (4) gross negligence; (5) lack of standing to foreclose; (6) statutory fraud; (7) violation of the Truth in Lending Act; (8) violation of the Texas Constitution article XVI, section 50(a)(6)(D); (9) violation of the Texas Property Code § 51.0075(e); (10) for declaratory relief; (11) to quiet title; and (12) "breach of contract/lack of contractual standing."

U.S. Bank Trust, MERS, and Caliber removed the case to federal court on federal question jurisdiction (the Truth in Lending Act claim). Caliber and U.S. Bank Trust moved for summary judgment. In September 2016, the federal district court granted Caliber and U.S. Bank Trust's motion for summary judgment and disposed of the claims for lack of standing to foreclose, statutory fraud, the Truth in Lending Act, the Texas Constitution article XVI, section 50(a)(6)(D), Texas Property Code section 51.0075(e), declaratory relief, quiet title, and breach of contract/lack of standing. The federal court held that U.S. Bank Trust had standing to foreclose and "establish[ed] it is the proper holder of the note and deed of trust" and that the Hernandezes lacked standing to challenge the assignments.

The Hernandezes filed a motion for leave to amend their complaint and a motion for remand, both seeking to non-suit the violation of the Truth in Lending Act claim against all parties. In January 2017, the magistrate judge filed a report and recommendation denying supplemental jurisdiction over the remaining state law claims and remanding the Hernandezes's remaining claims to state court. The

4

magistrate judge also recommended denying the other pending motions without prejudice to being asserted in state court upon remand. The district court signed an order adopting the recommendations, dismissing the Truth in Lending Act claim against Caliber, HFC, MERS, and U.S. Bank Trust, and remanded the case to state court.[3] The Hernandezes did not appeal that order.[4]

On remand, the Hernandezes filed a third amended petition and added several new causes of action against MERS and HFC, and one additional claim against Caliber and U.S. Bank Trust.

MERS and HFC then filed a traditional and no-evidence motion for summary judgment in the trial court. They raised the affirmative defenses of res judicata and collateral estoppel to bar relitigation of all claims asserted against them. Similarly, Caliber and U.S. Bank Trust filed a traditional and no-evidence summary-judgment motion, requesting dismissal of remaining claims that were not

---

[3] The remaining state law claims against Caliber and U.S. Bank Trust include the following: violation of the Texas Civil Practice and Remedies Code section 12.002, violation of the Texas Penal Code sections 32.21 and 32.47, negligence per se, and gross negligence.

[4] The order became final and not subject to appeal because the Hernandezes failed to timely appeal the order. *See* FED. R. APP. P. 4(a)(1) (prescribing thirty-day period to file notice of appeal); *see also HDW2000 256 E. 49th St. v. City of Houston*, No. 01-12-00053-CV, 2012 WL 6095226, at *10 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, pet. denied) (mem. op.) (citations omitted) ("A federal district court's grant of summary judgment on all federal claims and remand of all remaining state law claims in a partial-summary judgment is an appealable final order because there is nothing left for the federal court to decide.").

dismissed in the federal court proceedings. They argued that these remaining claims were barred by res judicata and collateral estoppel.

In April 2018, the district court granted both motions for summary judgment without specifying the grounds relied on for its rulings and issued two orders disposing of all parties and claims—one reflecting that it was a partial judgment and the other order stating it was a final judgment. The Hernandezes appeal from both summary judgment orders.

## DISCUSSION

### A.    Finality

We first determine the extent of our jurisdiction over the rulings that the Hernandezes appeal. MERS and HFC assert that the Hernandezes prematurely filed this appeal because no final judgment has been rendered and request that we abate to allow the district court to clarify its orders. Caliber and U.S. Bank Trust disagree. They contend that the trial court entered a final judgment, disposing of all claims and all parties.

Absent certain statutory exceptions that do not apply to this case, appeals may only be taken from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *but see* TEX. CIV. PRAC. & REM. CODE § 51.014 (permitting, in some cases, interlocutory appeals from orders disposing of specified claims and issues). When, as here, "there has not been a conventional trial on the

merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. A review of the record determines whether an order disposes of all pending claims and parties. *Id*. at 205–06.

In the trial court, Caliber and U.S. Bank Trust moved for traditional and no-evidence summary judgment, asserting res judicata and collateral estoppel affirmative defenses against the Hernandezes's claims. The underlying issue on which the Hernandezes based their claims—the deed assignments—was already litigated in federal court. The trial court granted summary judgment and entered an order stating that it is a "partial judgment." The trial court granted Caliber and U.S. Bank Trust's summary judgment motion "on all grounds" and ordered that the Hernandezes "take nothing on all of their claims" against Caliber and U.S. Bank Trust. MERS and HFC also moved for traditional and no-evidence summary judgment on all claims asserted by the Hernandezes. They argued that res judicata and collateral estoppel barred litigation of their claims and requested "an order . . . disposing of all causes of action asserted against" them based on res judicata and collateral estoppel. The trial court subsequently granted MERS and HFC's motion for summary judgment. The order expressly stated, "This Order resolves all claims between all parties, and therefore the Court hereby renders **FINAL**

7

**JUDGMENT**." Because this order unequivocally states that it "disposes of all claims and all parties," this order is a final judgment. *Lehmann*, 39 S.W.3d at 200 ("A judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims. Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final.").

For these reasons, the record shows the combination of both orders creates a final and appealable judgment and we have appellate jurisdiction.

**B.    Standard of review**

We review summary judgments de novo. *Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 536 (Tex. 2019). When, as here, the trial court grants summary judgment without specifying the grounds for granting the motion, we must affirm its judgment if any one of the grounds is meritorious. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). In reviewing the grounds for summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes*, 521 S.W.3d 749, 754 (Tex. 2017). When the trial court does not specify the grounds for granting the motion, as is the case here, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Merriman v. XTO Energy, Inc.*, 407

8

S.W.3d 244, 248 (Tex. 2013). If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment."); *see, e.g.*, *Taylor v. CenterPoint Energy Houston Elec., LLC*, No. 01-16-00466-CV, 2017 WL 1536266, at *1 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, no pet.) (mem. op.) (applying *Malooly Bros., Inc.* and affirming summary judgment because appellant failed to brief each independent ground for summary judgment alleged in the motion).

A party seeking summary judgment may move for both traditional and no-evidence summary judgment. TEX. R. CIV. P. 166a(c), (i); *see  Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). When a party has sought summary judgment on both grounds, we typically first review the no-evidence grounds. *See Merriman*, 407 S.W.3d at 248. We will not address the traditional motion if we determine the trial court properly granted the no-evidence summary-judgment motion on the same claims. *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

On the no-evidence grounds, the movant bears the burden to specifically identify one or more elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *see Cmty. Health Sys. Prof'l Services Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017). The burden then shifts to the nonmovant to present more than a scintilla of evidence raising a genuine issue of material fact as to each challenged element. *Lightning Oil Co.*, 520 S.W.3d at 45. On the traditional grounds, the movant bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see City of Richardson v. Oncor Elec. Delivery Co. LLC*, 539 S.W.3d 252, 259–60 (Tex. 2018). To meet this burden, the movant must conclusively negate at least one essential element of each of the nonmovant's causes of action or conclusively prove all the elements of an affirmative defense. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015) (citing TEX. R. CIV. P. 166a(c)).

## C. Whether failure to challenge all possible grounds bars review of merits of all claims

On remand, the Hernandezes asserted their claims against MERS and HFC, contesting the assignments of the note and deed of trust. MERS and HFC moved for summary judgment on all claims asserted by the Hernandezes on the grounds of res judicata and collateral estoppel. Specifically, they argued that res judicata and collateral estoppel barred relitigation of all claims because the federal court had already determined the Hernandezes do not have standing to challenge the

assignments and because the evidence revealed that there was a sufficient chain of title. MERS and HFC also attacked specific elements of each claim and asserted that the Hernandezes did not present evidence for the elements.

Similarly, the Hernandezes asserted their claims against Caliber and U.S. Bank trust, challenging the assignments of the note and deed of trust. Caliber and U.S. Bank Trust also filed traditional and no-evidence summary judgment motions and asserted two affirmative defenses against these claims: res judicata and collateral estoppel. Caliber and U.S. Bank Trust specifically argued that the federal court dismissed several of the Hernandezes's claims in federal court and res judicata and collateral estoppel barred relitigation of the remaining claims because of the court's holding that "established standing to foreclose by both an unbroken chain of recorded assignments and . . . [its]holding the [n]ote [was] indorsed in blank at all relevant times." The court, more importantly, held that the Hernandezes lacked standing to challenge the assignments. Caliber and U.S. Bank Trust challenged each element of the remaining claims asserted by the Hernandezes, asserting no evidence existed for certain elements.

Neither order granting summary judgment specified the particular grounds on which it was rendered; therefore, the Hernandezes must defeat every ground

raised by the motion.[5] *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). The Hernandezes do not do so here.

In order to negate each possible ground, the Hernandezes must comply with the Rules of Appellate Procedure and present arguments and supporting authority to merit reversal. TEX. R. APP. P. 38.1(h) (requiring that appellant's brief contain clear, concise argument for contentions asserted); TEX. R. APP. P. 38.1(f) (requiring that appellant's brief state all issues and points presented for review; further requiring that this Court consider statement of issue "as covering every subsidiary question that is fairly included"); *see Klentzman v. Brady*, 312 S.W.3d 886, 899 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Although we recognize that such a broad [*Malooly*] issue is authorized, an appellant must nevertheless also present argument and supporting authorities in support of that issue.").

The Hernandezes failed to address res judicata and collateral estoppel. These defenses were discussed at length in each summary-judgment motion. The Hernandezes not only do not discuss the defenses, they omit any discussion of this case's removal to federal court or the orders issued by that court before remand. Indeed, the Hernandezes' brief repeats nearly word for word the arguments raised

---

[5] An appellant may also assert a general complaint that the trial court erred in granting summary judgment. *See Malooly Bros. Inc.*, 461 S.W.2d at 121. The Hernandezes, however, make no such assertion.

in their original petition (and subsequent amendments) without regard to the federal action on which the defenses are based. Nowhere in their brief do they expressly or implicitly challenge the defenses of res judicata or collateral estoppel as independent, alternative grounds upon which the trial court could have based its decision to grant summary judgment in favor of MERS, HFC, Caliber, and U.S. Bank Trust. Moreover, the Hernandezes offer no legal analysis, argument, citations to the record, nor any authorities that would support a conclusion that their claims are not barred by collateral estoppel or res judicata. *See* TEX. R. APP. P. 38.1(h).

Because the trial court could have granted summary judgment on the basis that the Hernandezes's claims were barred by either res judicata or collateral estoppel, and the Hernandezes did not brief either ground, we must accept the validity of the unchallenged grounds and affirm the summary judgment. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d at 121; *McIntyre v. Wilson*, 50 S.W.3d 674, 681–82 (Tex. App.—Dallas 2001, pet. denied) (upholding summary judgment because trial court could have granted summary judgment on ground that appellant did not challenge or discuss); *Iglesia Hispana Nueva Vida Houston, Inc. v. Rosin*, No. 01–06–00048–CV, 2007 WL 1633723, at *3 (Tex. App.—Houston [1st Dist.] June 7, 2007, no pet.) (mem. op.) (affirming summary judgment on collateral estoppel because appellant did not address it as possible ground for trial court's summary-judgment ruling).

Under these circumstances, we need not consider the arguments in support of the Hernandezes's various issues challenging the trial court's summary judgment orders because we must affirm the trial court's decision to grant summary judgment in favor of MERS, HFC, Caliber, and U.S. Bank Trust on the unchallenged grounds of res judicata and collateral estoppel.

## Conclusion

We affirm the judgment of the trial court.


Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

14